CDF LABOR LAW LLP
  Alison L. Tsao, State Bar No. 198250
  atsao@cdflaborlaw.com
  Holly Jones, State Bar No. 328831
  hjones@cdflaborlaw.com
601 Montgomery Street, Suite 333
San Francisco, CA 94111
Telephone:  (415) 981-3233

Attorneys for Defendants
L3 TECHNOLOGIES, INC. and DONALD PARKER

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ADRIAN RIOS, an individual,<br><br>  Plaintiff,<br><br>  vs.<br><br>L3 TECHNOLOGIES, INC., a Delaware Corporation; DONALD PARKER, an individual; and DOES 1 through 100, inclusive,<br><br>  Defendants. | Case No. PENDING<br><br>Removed from Ventura County Superior Court Case No. 2024CUWT026014<br><br>**DEFENDANT DONALD PARKER'S NOTICE OF REMOVAL**<br><br>Filed concurrently with:<br>- Civil Cover Sheet;<br>- Decl of Alison L. Tsao;<br>- Request for Judicial Notice; and<br>- Certificate of Interested Entities or Persons |

DEFENDANT DONALD PARKER'S NOTICE OF REMOVAL

CDF Labor Law LLP

4915-8770-7177.3

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT Defendant DONALD PARKER ("Parker"), through his undersigned counsel, hereby removes the above-captioned action from the Superior Court for the State of California in the County of Ventura to the United States District Court for the Central District of California, Western Division, based on the original jurisdiction of this Court under 28 United States Code ("U.S.C") section 1332(a), and removal jurisdiction under 28 U.S.C. sections 1441 and 1446.  In support of this removal, Parker states as follows:

## I.  BACKGROUND

1.     On June 17, 2024, Plaintiff commenced an action in the Superior Court of California, County of Ventura, styled *Adrian Rios v. L3Harris Technologies, Inc., Donald Parker, et al.*, Case No. 2024CUWT026014.  *See* Exh. A, Complaint For Damages and Other Relief ("Complaint"), pg. 1.  True and correct copies of all pleadings, process, and orders, and any other documents on file with the State Court in this Action are attached to this Notice as Exhibit A.

2.     On or about August 7, 2024, Plaintiff filed an amendment to the Complaint stating that L3Harris Technologies, Inc. was not the correct Defendant name and requesting that the Complaint be amended to insert L3 Technologies, Inc. in its place.  Exh. A, Amendment to Complaint.

3.     Plaintiff's Complaint asserts claims against Defendant L3 Technologies, Inc. ("L3 Technologies") for (1) discrimination on the basis of disability or medical condition, (2) harassment, (3) failure to prevent discrimination and harassment, (4) retaliation, (5) wrongful termination, (6) intentional infliction of emotional distress, (7) failure to compensate for all hours worked, (8) failure to pay rest period compensation, (9) failure to furnish accurate wage and hour statements, (10) failure

2                    DEFENDANT DONALD PARKER'S NOTICE
OF REMOVAL

4915-8770-7177.3

to maintain payroll records, and (11) failure to reimburse for required business expenses. The *one and only* claim asserted against Defendant Parker is harassment. *See* Complaint, generally.

4. On February 26, 2025, Defendant Parker was hand served with a copy of the summons and complaint. Declaration of Alison L. Tsao ("Tsao Decl."), ¶ 2, Exh. A.

5. Defendant Parker answered the Complaint in the Superior Court of California, Ventura County, on March 26, 2025. Exh. A, Defendant Donald Parker's Answer To Plaintiff's Complaint For Damages and Other Relief ("Parker Answer").

## II. JURISDICTION

6. This Court has original jurisdiction over this Action under 28 U.S.C. sections 1332(a), 1441 and 1446, as this dispute is between citizens of different states and the amount in controversy is greater than $75,000, as set forth more fully below.

## III. DIVISIONAL ASSIGNMENT

7. Pursuant to General Order I.B.1.b. of this court, divisional assignment to the Western Division of the United States District Court for the Central District of California is proper because the Western Division is "the division embracing the place where the state court action was pending." The state court action was originally filed in Ventura County. *See* Complaint, generally.

## IV. SATISFACTION OF THE PROCEDURAL REQUIREMENT OF 28 U.S.C. § 1446

8. In accordance with 28 U.S.C. section 1446(a), this Notice is filed in the District Court of the United States in which the action is pending. The Superior Court of California, County of Ventura is located within the Central District of California. Therefore, venue is proper in this Court pursuant to 28 U.S.C. section 84(a) because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

3                                   DEFENDANT DONALD PARKER'S NOTICE
                                                    OF REMOVAL

4915-8770-7177.3

9.    No more than 30 days have passed since Defendant Parker accepted service of the complaint in this action. Tsao Decl., ¶ 2. Therefore, Defendant Parker's Notice of Removal is timely in accordance with 28 U.S.C. section 1446(b)(1). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (service of process is the official trigger for responsive action by the defendant).

10.    In accordance with 28 U.S.C. section 1446(b)(2), the only other Defendant in this action, L3 Technologies, consents to and join in the removal of the action. *See* Defendant L3 Technologies' Joinder in Notice of Removal of Action, *filed separately*.

11.    In accordance with 28 U.S.C. section 1446(d), a copy of this Notice is being served upon counsel for Plaintiff and a copy is being filed with the Clerk of the Superior Court of California in the County of Ventura. True and correct copies of the Notice to the Plaintiff and the state court shall be filed promptly.

## V.  REMOVAL IS PROPER BECAUSE THIS COURT HAS DIVERSITY JURISDICTION PURSUANT TO 28 U.S.C. SECTIONS 1332 AND 1441.

12.    Plaintiff's claims as alleged in the Complaint are removable under 28 U.S.C. section 1332(a) (diversity of citizenship), which states that diversity jurisdiction exists where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states.

**A.    The Parties Are Completely Diverse.**

13.    Traditional diversity jurisdiction requires that all plaintiffs be of different citizenship than all defendants. *Strawbridge v. Curtiss*, 7 U.S. 267 (1806).

**(i)    Defendant Parker Is A "Sham" Defendant.**

14.    A non-diverse party named in a state court action may be disregarded if the non-diverse party's joinder is a "sham," or "fraudulent," such that no possible cause of action has been stated against that party. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). The term "fraudulent joinder" is a term of art;

4

4915-8770-7177.3

"it does not reflect on the integrity of plaintiff or counsel but is merely the rubric applied when a court finds either that no cause of action is stated against the nondiverse defendant, or in fact no cause of action exists." *AIDS Counseling & Testing Ctrs. v. Group W Television, Inc.*, 903 F.2d 1000, 1003 (4th Cir. 1990); *see also McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). In determining fraudulent joinder, the court may "pierce the pleadings" and consider summary judgment-type evidence in the records. *Travis v. Irby*, 326 F.3d 644, 648-649 (5th Cir. 2003); *see also McCabe v. General Foods Corp.*, 811 F.2d 1339 (9th Circuit 1987); *Casias v. Wal-mart Stores, Inc.*, 695 F.3d 428, 433 (6th Cir. 2012) ("The court may look to material outside the pleadings for the limited purpose of determining whether there are 'undisputed facts that negate the claim.'").

15.    Plaintiff named Donald Parker as a defendant in his Complaint, but only asserts one cause of action for harassment against him.  Complaint, ¶¶ 49-55. Although Plaintiff claims that Defendant Parker harassed him, the only acts allegedly committed by Defendant Parker are personnel decisions carried out in his managerial capacity on behalf of the employer, L3 Technologies.  Complaint, ¶¶ 24-30. Specifically, Plaintiff claims that Defendant Parker did the following:

   a.  Recruited new employees to fill Plaintiff's role.  Complaint, ¶ 24.

   b.  Did not reinstate Plaintiff to his former position. Complaint, ¶ 25.

   c.  Had a meeting with Plaintiff informing Plaintiff that Defendant Parker had conducted an audit and observed frequent absences.  Complaint, ¶ 27.

   d.  Informed Plaintiff that the company's current workload did not warrant Plaintiff's reinstatement to his former position.  Complaint, ¶ 28.

   e.  Accused Plaintiff of stealing a package in August 2021.  Complaint, ¶ 30.

DEFENDANT DONALD PARKER'S NOTICE OF REMOVAL

4915-8770-7177.3

16. Plaintiff does not allege any other acts, harassing or otherwise, allegedly committed by Defendant Parker. Complaint, generally.

17. Whenever a supervisor is alleged to have made statements or committed acts in a personnel management capacity, the supervisor is insulated from personal liability. *Reno v. Baird,* 18 Cal.4th 640 (1998) (supervisors cannot be personally liable for discrimination relating to personnel management decisions); *Sheppard v. Freeman*, 67 Cal.App.4th 339, 347 (1998) ("an employee or former employee cannot sue individual employees based on their conduct, including acts or words, relating to personnel actions"). This is because personnel decisions are made for the benefit of the employer and therefore the employer alone must bear the risks and responsibilities attendant to such actions. Supervisors must have the freedom to perform their personnel management responsibilities without the fear of being sued for doing so. *Sheppard*, 67 Cal.App.4th at 349. As the California Supreme Court explained, personal liability for supervisors who make personnel management decisions would chill effective management because "if every personnel manager risked losing his or her home, retirement savings, hope of children's college education, etc., whenever he or she made a personnel management decision, management of industrial enterprises and other economic organizations would be seriously affected." *Reno*, 18 Cal.4th at 653. Hence, the prohibition on suit against managers for their personnel decisions.

18. Here, because all of Plaintiff's allegations against Defendant Parker are exclusively personnel management decisions/actions, Plaintiff has not stated a valid cause of action against Defendant Parker, and Defendant Parker is a sham defendant.

19. The fact that Plaintiff has styled his cause of action against Defendant Parker as one of harassment does not eliminate the managerial immunity set forth in *Reno* and *Sheppard*. The California Supreme Court in *Reno* set forth a distinction between the concepts of harassment and discrimination and held that an individual supervisor "may not be sued under the FEHA for alleged discriminatory acts." *Reno,*

6

DEFENDANT DONALD PARKER'S NOTICE OF REMOVAL

4915-8770-7177.3

18. Cal.4th at 663. The *Reno* court explained the distinction as follows:

> "We conclude, therefore, that the Legislature intended that commonly necessary personnel management actions such as hiring and firing, job or project assignments, office or work station assignments, promotion or demotion, performance evaluations, the provision of support, the assignment or nonassignment of supervisory functions, deciding who will and who will not attend meetings, deciding who will be laid off, and the like, do not come within the meaning of harassment. These are actions of a type necessary to carry out the duties of business and personnel management. These actions may retrospectively be found discriminatory if based on improper motives, but in that event the remedies provided by the FEHA are those for discrimination, not harassment. Harassment, by contrast, consists of actions outside the scope of job duties which are not of a type necessary to business and personnel management.

*Reno,* 18. Cal.4th at 646-647. Because Plaintiff's allegations against Defendant Parker are alleged acts of discrimination, not harassment, they must be analyzed under FEHA's discrimination rubric, not harassment, and therefore cannot form the basis for personal liability.

20. Because Defendant Parker is immune from liability for the discriminatory acts alleged against him, and because Plaintiff has not articulated any other allegations against Defendant Parker for which liability could conceivably attach, Defendant Parker is a "sham" defendant, whose citizenship cannot be considered for purposes of determining diversity jurisdiction in this case.

**(ii)** **Complete Diversity Exists Between The Remaining Parties.**

21. For diversity purposes, an individual is a "citizen" of the state in which he is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). An individual's domicile is the place he resides with the intention to remain or to which he intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Plaintiff asserts in the Complaint that he is a resident of Ventura County, California, and that he resided there while employed by Defendant L3 Technologies in Simi Valley, California, and while all of the events described in the Complaint occurred. Complaint, ¶¶ 5-6.

7 DEFENDANT DONALD PARKER'S NOTICE OF REMOVAL

22.    Pursuant to 28 U.S.C. section 1332(c), "a corporation shall be deemed to be a citizen of every State … by which it has been incorporated and of the State … where it has its principal place of business."  Defendant L3 Technologies was, at the time of the filing of this action, and still is, incorporated under the laws of the State of Delaware.  RJN & Exh. 1.   Defendant L3 Technologies' principal place of business was, at the time of the filing of this action, and still is, in Melbourne, Florida. RJN & Exh. 1.  Therefore, at all material times, Defendant L3 Technologies has been a citizen of the State of Delaware and the State of Florida, and not of the State of California.

23.    The citizenship of fictitiously-named "Doe" defendants is to be disregarded for the purposes of removal based on diversity jurisdiction.  28 U.S.C. § 1441(b)1).

24.    Because Defendant L3 Technologies, the only defendant in this case, is a citizen of the State of Delaware and the State of Florida, and Plaintiff is a citizen of the State of California, complete diversity exists pursuant to 28 U.S.C. § 1332(a).

**B.    The Amount-In-Controversy Requirement Is Satisfied.**

25.    A notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" and evidentiary submissions are required only if, after the notice of removal containing that plausible allegation is filed, plaintiff contests, or the court questions, defendant's allegation. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

26.    The amount in controversy may be determined from the allegations or prayer of the complaint.  *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) (inability to recover an amount adequate to give court jurisdiction does not oust court of jurisdiction).  Potential defenses to all or part of a claim does not affect the amount in controversy.  *See id.* at 295-296; *Riggins v. Riggins*, 415 F.2d 1259, 1261-1262 (9th Cir. 1969) (that statute of limitations defense might bar portion of relief sought did not affect amount in controversy).

DEFENDANT DONALD PARKER'S NOTICE
OF REMOVAL

4915-8770-7177.3

27.    In determining whether the jurisdictional minimum is met, the Court should consider all amounts alleged, including future attorneys' fees where recoverable by statute. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) ("where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy"); *Fritsch v. Swift Transportation Company of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018) (A court must include future attorneys' fees recoverable by statute when assessing whether the amount-in-controversy requirement). Here, if Plaintiff prevails on any portion of his FEHA claims, he may be entitled to an award of reasonable attorney's fees and costs. *See* Cal. Gov. Code § 12965(b).

28.    Based on a fair reading of the Complaint, and without conceding that any of Plaintiff's claims have any merit whatsoever, Plaintiff seeks more than $75,000, exclusive of interest and costs. Namely, Plaintiff seeks compensation for back pay; front pay; other compensatory, consequential, and special damages; statutory penalties, exemplary damages, attorneys' fees, restitution and disgorgement of ill-gotten profits, unpaid wages, wage premiums, penalties of fifty dollars for each initial pay period in which a Labor Code section 226(a) violation occurred and one hundred dollars for each subsequent pay period. Complaint, pg. 17 (Prayer for Relief).

29.    Plaintiff alleges that his employment terminated on or around February 23, 2023 and he seeks backpay from that event through the date of judgment. Complaint, ¶ 72 and pg. 17 (Prayer for Relief). Plaintiff further alleges that by the time of his termination he was earning an hourly wage of $26.50 and he was employed on a full-time basis and regularly scheduled to work forty hours per week at that time. Complaint, ¶16; RJN & Exh. 1. Therefore, since Plaintiff was terminated 109 weeks prior to the time of this filing, the amount placed in controversy by Plaintiff's backpay claim alone exceeds $75,000.00 ($26.50/hr x

9                    DEFENDANT DONALD PARKER'S NOTICE
                            OF REMOVAL

4915-8770-7177.3

40hrs = $1,060.00)($1,060.00/wk x 109 wks = $115,540.00).

30.    With respect to front pay, where a Plaintiff "claims at the time of removal that [his] termination caused [him] to lose future wages… then there is no question that future wages are 'at stake' in the litigation, whatever the likelihood that [he] will actually recover them." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018).  For purposes of removal, the Court should consider lost wages accrued from Plaintiff's separation of employment through an estimated trial date of one year after removal.  *See Molina v. Target Corp.*, 2018 WL 3935347, *3 (C.D. Cal. Aug. 14, 2018, No. CV 18-03181-RSWL-FFM).  Conservatively estimating a trial date one year after removal in March 2025, Plaintiff would be entitled to an additional estimated $55,120.00 in front pay if he prevailed ($1,060.00/wk x 52wks = $55,120.00).  *See Chavez*, 888 F.3d at 418 ("In sum, the amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails").  Thus, Plaintiff's claim for lost wages is sufficient on its own to establish diversity jurisdiction (back pay and front pay = $170,660.00).

31.    Plaintiff also seeks some unspecified amount of emotional distress damages.  Complaint, ¶¶ 46, 52, 54, 59, 67, 74, 77.  In analogous cases involving similar allegations of FEHA violations, juries have awarded in excess of $75,000 in emotional distress damages, and as such, in assessing removal, courts have found at least $75,000 is at issue for claimed emotional distress damages alone.  *See Molina v. Target Corp.*, 2018 WL 3935347 at *4 (citing jury verdicts from analogous cases involving FEHA violations, wrongful termination, and discrimination on the basis of disability leading to emotional distress damages in excess of $75,000).  Thus, emotional distress damages of at least $75,000 should be included in calculating the amount in controversy.

32.    Plaintiff also seeks exemplary, *i.e.*, punitive damages (Complaint, p. 18, Prayer for Relief, ¶ 5), which are available for common law wrongful termination claims and FEHA claims where the Plaintiff makes the showing required by

10                    DEFENDANT DONALD PARKER'S NOTICE
                                      OF REMOVAL

4915-8770-7177.3

California Civil Code section 3294.  *Commodore Home Systems, Inc. v. Superior Court*, 32 Cal.3d 211, 221 (1982); *Rodriguez v. Home Depot, U.S.A., Inc.*, 2016 WL 3902838, *15-16 (N.D. Cal. July 19, 2016, No. 16-cv-01945-JCS).  When including punitive damages in calculating the amount in controversy, courts have applied a 1:1 ratio based on the amount of compensatory damages.  *See Molina v. Target Corp.*, 2018 WL 3935347 at *4.  Thus, punitive damages of at least $170,660.00, mirroring Plaintiff's alleged economic damages, should be included in calculating the amount in controversy.

33.     Plaintiff seeks attorneys' fees for alleged violations under FEHA and California Code of Civil Procedure section 1021.5.  Complaint, pg. 4, Prayer for Relief, ¶8.  "[A] court must include <u>future</u> attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Fritsch*, 899 F.3d at 794 (emphasis added).  "The amount of fees commonly incurred in similar litigation can usually be reasonably estimated based on experience." *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1011 (N.D. Cal. 2002).  Attorney's fees alone on a retaliation claim can easily exceed $75,000.  *See Kelley v. Com. Dept. of Conservation and Recreation*, 2014 WL 2504520 (Super. Ct. Mass. March 21, 2014, No. SUCV200701910) (awarding $215,204 in attorney's fees on retaliation claim); *Wu v. World Journal, Inc.*, 2007 WL 5998522 (Super. Ct. Cal. August 22, 2007, No. 452055) (awarding $84,681 in attorney's fees for period after granting motion for summary judgment [against all claims other than retaliation] through trial on retaliation claim only).

34.     With respect to Plaintiff's claims for unpaid wages, wage premiums, and penalties under Labor Code section 226(a), Plaintiff does not state how frequently these violations allegedly occurred or how often premiums/penalties were owed.  Complaint, generally.  Plaintiff also does not state the value of the personal tools he claims he was required to purchase for work.  Complaint, ¶ 100.  However, these claims, if established, would also increase the amount in controversy.

DEFENDANT DONALD PARKER'S NOTICE
OF REMOVAL

4915-8770-7177.3

35.   Thus, if Plaintiff is successful on even one, some, or all of the claims asserted, his potential recovery will exceed the jurisdictional minimum of $75,000.

## VI.  CONCLUSION

36.   Based on the foregoing, this Court has jurisdiction on grounds of diversity of citizenship pursuant to U.S.C. sections 1332(a) and 1441(a).  Defendant Parker is a sham defendant and the remaining parties, Plaintiff and Defendant L3 Technologies, are not citizens of the same state.  In addition, the claims of Plaintiff place more than $75,000 in controversy.  Thus, removal to federal court is proper.

37.   In the event this Court has a question regarding the propriety of this Notice of Removal, Defendant Parker requests that the Court issue an Order to Show Cause so that he may have the opportunity to more fully brief the basis for this removal, and/or order Plaintiff to file a statement of damages.

38.   By filing this Notice of Removal, Defendant Parker does not waive, either expressly or impliedly, his respective rights to assert any defense he could have asserted in the Superior Court of California, County of Ventura, in the United States District Court for the Central District of California.  Defendant Parker reserves the right to amend or supplement this Notice of Removal.

Dated:  March 27, 2025

CDF LABOR LAW LLP
Holly Jones

By: _____
Alison L. Tsao
Attorneys for Defendants
L3 TECHNOLOGIES, INC. and DONALD PARKER

12

DEFENDANT DONALD PARKER'S NOTICE OF REMOVAL

4915-8770-7177.3

**EXHIBIT A**

Ventura Superior Court Accepted through eDelivery submitted 06-17-2024 at 03:58:00 PM

**RECEIVED**

VENTURA SUPERIOR COURT

**06/17/24**

after 4:00pm

Electronically
**FILED**
by Superior Court of California
County of Ventura
**06/17/2024**
Brenda L. McCormick
Executive Officer and Clerk

Hannah Cress
Deputy Clerk

Nazo Koulloukian, Esq. (SBN 263809)
nazo@koullaw.com
Amir Mahdavi-Pour, Esq. (SBN 354351)
amir@koullaw.com
**KOUL LAW FIRM**
3435 Wilshire Blvd., Suite 1710
Los Angeles CA 90010
Phone: (213) 761-5484
Fax:    (818) 561-3938

Attorneys for Plaintiff,
ADRIAN RIOS

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF VENTURA

ADRIAN RIOS, *an individual,*

        Plaintiff,

vs.

L3HARRIS TECHNOLOGIES, INC., *a Delaware Corporation;* DONALD PARKER, *an individual;* and DOES 1 through 100, inclusive,

        Defendants.

Case No.: **2024CUWT026014**

(UNLIMITED CIVIL ACTION)
(DEMAND EXCEEDS $25,000)

**PLAINTIFF'S COMPLAINT FOR DAMAGES AND OTHER RELIEF**

COMES NOW Plaintiff ADRIAN RIOS, through his counsel of record, Koul Law Firm, and files this Complaint seeking damages and other relief for violations of California law and as grounds for his action, Plaintiff alleges as follows:

### INTRODUCTION

1.    This is an action brought by the Plaintiff, ADRIAN RIOS (hereinafter referred to as "Plaintiff") pursuant to California statutory, decisional, and regulatory laws. Plaintiff was an employee of Defendant L3HARRIS TECHNOLOGIES, INC., (hereinafter referred to as

CASE #:2024CUWT026014 RECEIPT #: 1240621D203530 DATE PAID : 06/21/24 9:23 AM TOTAL : 435.00 TYPE : FFT

"Defendant" or "L3"), a corporation that is operating and doing business within the state of California.

2.      Defendant Donald Parker (hereinafter referred to as "DON") was a Manager for Defendant.

3.      Plaintiff alleges that California statutory, decisional and regulatory laws prohibit the conduct by Defendant herein alleged, and therefore Plaintiff has an entitlement to monetary and other relief on the basis that Defendant violated such statutes, decisional law, and regulations.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this action, and this Court has personal jurisdiction over the Defendant by virtue of Defendant transacting, doing, and soliciting business in the county of Ventura, and because the Defendant's conduct that harmed Plaintiff occurred within this county.

## PARTIES

5.      At all times herein mentioned, Plaintiff is and was a resident of Ventura County, State of California.

6.      At all times herein mentioned, Plaintiff was an employee of Defendant L3 in Defendant's place of business in the city of Simi Valley.

7.      Defendant L3 is a technology company located in California. Defendant L3's California street address is 200 W. Los Angeles Ave. Simi Valley, California 93065. The within incidents that harmed Plaintiff occurred at Defendant's place of business located at 200 W. Los Angeles Ave. Simi Valley, California 93065.

8.      At all times mentioned herein, Defendant Donald Parker was Plaintiff's Manager.

9.      Plaintiff is unaware of the names and capacities of defendants sued herein as DOES 1 through 100, and therefore sues these defendants by such fictitious names. When their true names and capacities are ascertained, Plaintiff will amend this Complaint by inserting their true names and capacities. Plaintiff is informed and believes, and thereon alleges, that each of

the fictitiously named defendants is responsible in some manner for the occurrences alleged and that these defendants proximately caused Plaintiff's damages.

10.    Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, each of the defendants was the alter ego, joint venturer, co-employer, joint employer, agent, and/or employee of each of the remaining defendants, and in doing the things hereinafter alleged, were acting within the course and scope of such agency and employment. Defendant is vicariously liable and strictly liable for the acts and/or omissions of any owner, supervisor or manager, which were committed within the course and scope of his or his employment.

11.    Plaintiff is informed and believes and thereon alleges that each defendant and its agents, employees, and/or representatives as may be identified hereinafter and in the discovery phase of this case, knowingly and purposefully conspired to, and agreed between themselves, to the acts herein alleged. Each defendant also conspired, aided, encouraged, ratified, and adopted the acts of each other.

12.    Plaintiff is informed and believes and thereon alleges that a Defendant may have committed other wrongful acts or omissions of which Plaintiff is presently unaware. Plaintiff will seek leave of court to amend this Complaint when Plaintiff discovers these other acts and/or omissions.

13.    Defendant and its agents herein, including but not limited to willfully committed, ordered, directed, supervised, allowed, planned, ratified, concealed, organized or otherwise participated in the unlawful acts complained of herein, including those unlawful acts of DOES 1 through 100.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

14.    Prior to filing this Complaint, Plaintiff fulfilled any legal requirement or exhausted any administrative remedy imposed on his by having filed a complaint with the California Civil Rights Department (hereinafter referred to as "CRD"), and on May 30, 2024, received a Right to Sue Letter from the CRD. Plaintiff has therefore substantially complied with all requirements for the filing of this Complaint and has exhausted his administrative remedies prior to filing, commencing, and serving the within action. A copy of Plaintiff's FEHA

complaint to the Department along with the Department's response is attached hereto as Exhibit "A."

## FACTUAL ALLEGATIONS

15.    Plaintiff commenced employment with L3 initially on or around February 10, 2020.

16.    By the time of his termination, Plaintiff was employed as a Mechanical Assembler and was earning an hourly wage of $26.20.

17.    Throughout his employment, Plaintiff would frequently take his rest breaks late because he was forced to assist vendors or unload shipping trucks. Regardless of this, Defendant failed to pay Plaintiff the premiums he was owed for the late rest breaks.

18.    In or around October 2022, Plaintiff injured himself at work. Plaintiff was unloading a container, when approximately eight (8) panels, each approximately weighting 80 pounds) struck his right arm. Several co-workers witnessed the incident.

19.    The following morning, Plaintiff had intense pain in his right arm as a result of the incident. Plaintiff emailed Candice Broussard, from Defendant's Human Resources department, to inform her about his injury. Subsequently, Candice asked Plaintiff to come to work so that Plaintiff could file a report.

20.    After filing the report, Plaintiff was sent to Concentra. At Concentra, Plaintiff's treating physician (name unknown) conducted imaging, which uncovered that Plaintiff had a tear and muscle strain.

21.    Due to the work-related injury, Plaintiff was placed on restrictions which included light duty and no lifting over ten (10) pounds. The restrictions were set to last until December 5, 2022. Plaintiff gave the doctor's note to his safety manager, Santos Regalado, and manager, DON. Shortly after, Plaintiff was assigned to do clerical work, which consisted of stapling and scanning paperwork, among other office duties.

22.    On or around December 5, 2022, Plaintiff's doctor released Plaintiff to go back to work without restrictions. Plaintiff notified his mechanical assembler supervisor, Steve Sciacca, that he was ready to return to his regular duties.

23.    However, to Plaintiff's surprise, Steve informed Plaintiff that he could not go back to his regular duties because the company was not busy enough.

24.    Over the next few months, between December 5, 2022, and February 23, 2023, Plaintiff spoke with DON and Candice. Plaintiff inquired about when he could return to his former position from DON, since he had come across job postings for his previous position. However, rather than being reinstated, DON opted to recruit new employees to fill the role.

25.    Since DON did not reinstate Plaintiff to his former position, Plaintiff spoke with Candice in person regarding the matter. Candice promised Plaintiff that she would investigate the matter. However, Candic did not take any action to resolve the matter.

26.    Throughout this time, Plaintiff persisted his role as a Clerk. Plaintiff diligently carried out tasks such as filing documents, creating workbooks, and removing staples.

27.    In the early weeks of January 2023, DON and Candice had a meeting with Plaintiff. DON informed Plaintiff that he had conducted an audit and observed frequent absences. In response, Plaintiff explained and reminded DON that the absences were due to necessary medical appointments and therapy sessions required for his workplace related injury.

28.    During the same meeting, Plaintiff inquired again about being reinstated to his original position. In response, DON replied that the company's current workload did not warrant such a reinstatement. When Plaintiff questioned DON as to why he was hiring new employees, Candice intervened, suggesting to DON that they should "discuss the matter at a later time."

29.    A few weeks later, Candice called Plaintiff to inform him that someone from Headquarters was going to reach out to him. Shortly after, John, a representative from Headquarters, contacted Plaintiff to discuss a false complaint filed by one of Plaintiff's colleagues. The colleague falsely alleged that Plaintiff had asked him on a date.

30.    During the same conversation, John referenced an incident from August 2021 where a package went missing. Plaintiff recalled the incident and explained that he was not involved in the incident whatsoever. DON had previously falsely accused Plaintiff of theft in relation to this incident, when in reality the truth was that the package had gone missing in Plaintiff's absence.

31.    A few weeks after the conversation between John and Plaintiff, Candice and Defendant's President (name unknown) had a meeting with Plaintiff. During the meeting, Plaintiff was terminated under the guise of asking his female colleague on a date. Plaintiff refuted the claims, stating that he was being terminated on false accusations.

32.    Furthermore, throughout his employment, Plaintiff was required to use his personal cellphone for business related purposes. Despite this, Defendant did not reimburse Plaintiff for the use of his personal cellphone for business related purposes.

## FIRST CAUSE OF ACTION

## DISCRIMINATION ON THE BASIS OF DISABILITY

## AND/OR MEDICAL CONDITION

## Violation of FEHA, Gov. Code, § 12940(a)

## (Against Defendant L3HARRIS TECHNOLOGIES, INC. and DOES 1-100)

33.    As a separate and distinct cause of action, Plaintiff complains and re-alleges all the allegations contained in this Complaint and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

34.    Under the FEHA, Government Code section 12940 et seq., it is an unlawful employment practice for an employer because of a person's disability and/or medical condition, to refuse to hire or employ the person, to refuse to select the person for a training program leading to employment, to bar or discharge the person from employment or from a training program leading to employment, or to discriminate against the person in compensation or in terms, conditions, or privileges of employment. It is unlawful, under the FEHA, Government Code section 12940, for an employer to fail to provide reasonable accommodation for the known physical or mental disability of an employee. It is unlawful, under the FEHA, Government Code section 12940, for an employer to fail to engage in a timely, good faith, and interactive process with the employee to determine effective reasonable accommodations for an employee with a known physical or mental disability.

35. Defendant is a business entity regularly employing at least the minimum number of employees upon which certain legal duties and obligations arise under various laws and statutes, including the FEHA. At all times herein mentioned, Government Code §12940, et seq. was in full force and effect and was binding on Defendant and Defendant was subject to their terms. These sections require Defendant, as an employer, to refrain from discriminating against any employee on the basis of disability and/or medical condition.

36. Plaintiff, at all times herein mentioned, was an employee of Defendant.

37. Plaintiff's protected status under the FEHA is Plaintiff's disability and/or medical condition, including, but not limited to, a tear and muscle strain.

38. At all times relevant hereto, Defendant knew, perceived, and/or believed that Plaintiff had the aforementioned protected status, described hereinabove.

39. As of commencement of his employment, and at all times herein mentioned, Plaintiff was in all respects qualified for his position. Plaintiff had, at all times, performed his job duties competently and diligently throughout his employment with Defendant.

40. Defendant made decisions adverse to Plaintiff in regard to compensation and terms, conditions and privileges of employment when they terminated Plaintiff from his employment after Plaintiff's suffered from a work-related injury.

41. Plaintiff's disability and/or medical condition was a motivating factor in Defendant's aforementioned decisions that were adverse to Plaintiff in regards to compensation and terms, conditions and privileges of employment.

42. As a direct, legal, and proximate cause of Plaintiff's disability and/or medical condition, Defendant discriminated against and harassed Plaintiff and took adverse employment actions against him.

43. Similarly situated non-protected employees were treated more favorably than Plaintiff.

44. Such employment practices are unlawful and discriminatory and in violation of Government Code Section 12940 et seq., and have resulted in damages and injury to Plaintiff, as alleged herein.

45.    As a direct, legal, and proximate result of Defendant's discrimination against Plaintiff on the basis of his disability and/or medical condition, Plaintiff has been harmed in that Plaintiff has suffered a loss of past or future earnings, the intangible loss of such employment-related opportunities as experience in the position from which Plaintiff was wrongfully terminated, possible promotion within Defendant's corporation, and the enhanced employee benefits and job security provided by Defendant. As a result of such discrimination and consequent harm, Plaintiff has suffered damages in an amount according to proof.

46.    As a further proximate result of Defendant's unlawful and intentional discriminatory actions against Plaintiff as alleged above, Plaintiff has been harmed in that Plaintiff has suffered emotional pain, humiliation, mental anguish, loss of enjoyment of life, and emotional distress.  As a result of such discrimination and consequent harm, Plaintiff has suffered such damages in an amount according to proof.

47.    Defendant committed the discriminatory acts against Plaintiff herein alleged maliciously, fraudulently and oppressively, with the wrongful intention of injuring Plaintiff. Defendant acted with the improper and evil motive amounting to malice and in conscious disregard of Plaintiff's right to be free from such illegal behavior, such as to constitute oppression, fraud, or malice pursuant to California Civil Code section 3294 entitling Plaintiff to punitive damages in an amount appropriate to punish and set an example of Defendant.

48.    Plaintiff has incurred and continues to incur legal expenses and attorney's fees. Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this Complaint when the amounts are more fully known.

## SECOND CAUSE OF ACTION

### HARASSMENT

### Violation of FEHA, Gov. Code, § 12940(j)

### (Against All Defendants)

49.    As a separate and distinct cause of action, Plaintiff complains and re-alleges all the allegations contained in this Complaint, and incorporates them by reference into this cause of

action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

50.    At all applicable times mentioned in this Complaint, Defendant regularly employed persons in the state of California, bringing Defendant within the provisions of the FEHA which proscribe harassment. Defendant, and each of them, and DOES 1 through 100 are separately and individually liable under FEHA for harassment.

51.    Plaintiff was regularly harassed by Defendant's employees, including but not limited to DON, as prohibited under FEHA on the basis of his disability and/or medical condition. This constant, daily harassment was so despicable, severe and pervasive as to materially alter Plaintiff's work environment.

52.    Plaintiff suffered psychologically, emotionally, and physically from being the victim of the harassment committed by Defendant, and also due to Defendant's failure to prevent such harassment from occurring. Defendant's employees, including but not limited to DON, are liable for creating a "hostile work environment" by subjecting Plaintiff to constant, severe, and pervasive harassment and intentional torts. Defendant is liable to Plaintiff for the conduct of its employees, managers, supervisors, and owners towards Plaintiff.

53.    As a direct and legal result of Defendant's willful, knowing, and intentional violation(s) of FEHA, Plaintiff has sustained and continues to sustain substantial losses in earnings and other employment benefits.

54.    As a further proximate result of Defendant's willful, knowing, and intentional violation(s) of FEHA, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

55.    Defendant committed the aforementioned acts against Plaintiff herein alleged maliciously, fraudulently and oppressively, with the wrongful intention of injuring Plaintiff. Defendant acted with the improper and evil motive amounting to malice and in conscious disregard of Plaintiff's right to be free from such illegal behavior, such as to constitute oppression, fraud, or malice pursuant to California Civil Code section 3294 entitling Plaintiff to

punitive damages in an amount appropriate to punish and set an example of each Defendant named herein.

## THIRD CAUSE OF ACTION

### FAILURE TO TAKE ALL STEPS NECESSARY TO STOP DISCRIMINATION AND HARASSMENT FROM OCCURRING

### Violation of FEHA, Gov. Code, § 12940(k)

### (Against Defendant L3HARRIS TECHNOLOGIES, INC. and DOES 1-100)

56.    As a separate and distinct cause of action, Plaintiff complains and re-alleges all the allegations contained in this Complaint and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

57.    Defendant failed to take all reasonable steps necessary to prevent discrimination and harassment of Plaintiff from occurring in violation of Government Code Section 12940(k) despite Plaintiff's complaints.

58.    As a direct and legal result of Defendant's willful, knowing, and intentional violation(s) of FEHA, Plaintiff has sustained and continues to sustain substantial losses in earnings and other employment benefits.

59.    As a further proximate result of Defendant's willful, knowing, and intentional violation(s) of FEHA, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

60.    Defendant committed the aforementioned acts against Plaintiff herein alleged maliciously, fraudulently and oppressively, with the wrongful intention of injuring Plaintiff. Defendant acted with the improper and evil motive amounting to malice and in conscious disregard of Plaintiff's right to be free from such illegal behavior, such as to constitute oppression, fraud, or malice pursuant to California Civil Code section 3294 entitling Plaintiff to punitive damages in an amount appropriate to punish and set an example of Defendant.

///

## FOURTH CAUSE OF ACTION

### RETALIATION

### Violation of FEHA, Gov. Code, § 12940(h), and Public Policy

### (Against Defendant L3HARRIS TECHNOLOGIES, INC and DOES 1-100)

61.    As a separate and distinct cause of action, Plaintiff complains and re-alleges all the allegations contained in this Complaint and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

62.    Government Code section 12940(h) provides that it is an unlawful employment practice "[f]or any employer, labor organization, employment agency, or person to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under this part or because the person has filed a complaint, testified, or assisted in any proceeding under this part."

63.    Plaintiff engaged in protected activities, including but not limited to, requesting his return to his previous (pre-injury) job title after his restrictions were lifted.

64.    Defendant retaliated against Plaintiff by failing to adhere to his request and ultimately terminating his employment due to his work-related injury and disability.

65.    Said retaliation was in violation of public policy.

66.    As a direct and legal result of Defendant's retaliatory actions against Plaintiff for engaging in the protected activities herein referenced, Plaintiff has suffered and continues to suffer general and special damages, in an amount according to proof.

67.    As a further proximate result of Defendant's willful, knowing, and intentional violation(s) of FEHA, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

68.    Defendant committed the aforementioned acts against Plaintiff herein alleged maliciously, fraudulently and oppressively, with the wrongful intention of injuring Plaintiff. Defendant acted with the improper and evil motive amounting to malice and in conscious

disregard of Plaintiff's right to be free from such illegal behavior, such as to constitute oppression, fraud, or malice pursuant to California Civil Code section 3294 entitling Plaintiff to punitive damages in an amount appropriate to punish and set an example of Defendant.

## FIFTH CAUSE OF ACTION

### WRONGFUL TERMINATION

### In Violation of Public Policy

### (Against Defendant L3HARRIS TECHNOLOGIES, INC. and DOES 1-100)

69.     As a separate and distinct cause of action, Plaintiff complains and re-alleges all the allegations contained in this Complaint and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

70.     "[W]hen an employer's discharge of an employee violates fundamental principles of public policy, the discharged employee may maintain a tort action and recover damages traditionally available in such actions." (*Tameny v. Atlantic Richfield Co.* (1980) 27 Cal.3d 167, 170 [164 Cal.Rptr. 839, 610 P.2d 1330].)

71.     At all times herein mentioned, Plaintiff was employed by Defendant.

72.     Defendant terminated Plaintiff's employment on or around February 23, 2023.

73.     Plaintiff is informed and believes that he was discriminated against, harassed, retaliated against, and unlawfully treated, resulting in his termination. Plaintiff was terminated from his employment for reasons that violated public policy. Discrimination, harassment, and retaliation based on a person's protected status (disability and/or medical condition) and engagement in protected activities herein mentioned are in violation of the public policy of the state of California and the United States prohibiting discrimination on the basis of disability and/or engagement in a protected activity, the public policy prohibiting retaliation against an employee for engaging in a protected practice.  (42 U.S.C.A. §§ 2000e et seq.; Cal. Const. Art. 1, § 8; Gov. Code, §§ 12940 et seq.; and Gov. Code, § 8547); *Petermann v. International Broth. of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Local 396*, 174 Cal. App. 2d

184, 344 P.2d 25 (2d Dist. 1959); *Green v. Ralee Engineering Co.*, 19 Cal. 4th 66, 78 Cal. Rptr. 2d 16, 960 P.2d 1046 (1998).

74.     As a result of Defendant's unlawful conduct, Plaintiff was terminated in violation of public policy. Plaintiff has suffered a loss of income and general damages in the nature of emotional distress, all in a sum to be established according to proof at trial.

## SIXTH CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (Against Defendant L3HARRIS TECHNOLOGIES, INC and DOES 1-100)

75.     As a separate and distinct cause of action, Plaintiff complains and re-alleges all the allegations contained in this Complaint and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

76.     Plaintiff is informed and believes and thereon alleges that Defendant, by and through their principals, agents and employees conducted themselves unlawfully in violation of public policy and applicable law as described above with conscious disregard of the result or outcome of such act. The unlawful harassment, retaliation, and conduct towards Plaintiff, due to its improper motivations and surrounding circumstances constitute extreme and outrageous conduct by the Defendants, and each of them.

77.     Through the outrageous conduct described above, Defendant acted with the intent to cause, and with reckless disregard for the probability of causing Plaintiff to suffer severe emotional distress.

78.     At all relevant times, Defendant had actual or constructive knowledge of extreme and outrageous conduct described herein, and condoned, ratified and participated in such extreme and outrageous acts.

79.     As a direct and proximate result of Defendant's willful, knowing and intentional acts, and Defendant's failure to act, Plaintiff has suffered and will continue to suffer mental distress and anguish. Plaintiff has suffered and will continue to suffer a loss of earnings, and

other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amount to be proven at trial.

80.    The acts of Defendant, as alleged herein, were done with fraud, oppression and malice, with a conscious disregard for Plaintiff's rights; and with the intent, design and purpose of injuring Plaintiff, with an improper and evil motive amounting to malice, in conscious disregard of Plaintiff's rights. Plaintiff is therefore entitled to recover punitive damages against Defendants, and each of them.

**SEVENTH CAUSE OF ACTION**

**FOR FAILURE TO COMPENSATE FOR ALL HOURS WORKED**

**(LABOR CODE §204)**

**(Against Defendant L3HARRIS TECHNOLOGIES, INC. and DOES 1 - 100)**

81.    As a separate and distinct cause of action, Plaintiff complains and re-alleges all the allegations contained in this Complaint and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

82.    At all times relevant herein, Defendant was required to compensate Plaintiff for all hours worked upon reporting for work at the appointed time stated by the Defendant.

83.    At all times relevant hereto, Defendant failed to compensate Plaintiff for all hours worked by not compensating him for work performed.

84.    Defendant failed to compensate Plaintiff for times Plaintiff was forced to miss his rest breaks or take them late due to the nature of his work.

85.    In violation of state law, Defendant knowingly and willfully refused to perform its obligation to compensate Plaintiff for all wages earned and all hours worked. As a direct result, Plaintiff has suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel Defendant to fully perform its obligations under state law, all to his respective damage in amounts according to proof at time of trial, but not in amounts in excess of the jurisdiction of this Court.

86.    Defendant committed the acts alleged herein knowingly and willfully, with the wrongful and deliberate intention of injuring Plaintiff, from improper motives amounting to malice, and in conscious disregard of Plaintiff's rights. Plaintiff is entitled to recover nominal, actual, compensatory, punitive, and exemplary damages in amounts according to proof at time of trial, but not in amounts in excess of the jurisdiction of this Court.

87.    Plaintiff has incurred and continues to incur legal expenses and attorney's fees, and hereby requests attorney fees pursuant to Labor Code § 218.5.

## EIGHTH CAUSE OF ACTION

## FAILURE TO PAY REST PERIOD COMPENSATION

## (LABOR CODE § 226.7)

### (Against Defendant L3HARRIS TECHNOLOGIES, INC. and DOES 1-100)

88.    Plaintiff hereby incorporates all other paragraphs of this complaint as if set in forth in full.

89.    Defendant routinely failed and refused to compensate Plaintiff when he worked during his earned rest periods, or took them late, as required by Labor Code § 226.7, the aforementioned California Wage Order, and the other applicable laws and regulations.

90.    Defendants deprived Plaintiff of his rightfully earned compensation for rest periods as a direct and proximate result of Defendant's failure and refusal to pay said compensation. Plaintiff is entitled to recover such amounts, plus interest thereon, attorney's fees and costs, plus statutory and civil penalties pursuant to Labor Code § 558 and the other applicable laws and regulations.

## NINTH CAUSE OF ACTION

## FOR FAILURE TO FURNISH ACCURATE WAGE AND HOUR STATEMENTS

## (LABOR CODE §§ 226)

### (Against Defendant L3HARRIS TECHNOLOGIES, INC. and DOES 1-100)

91.    Plaintiff hereby incorporates all other paragraphs of this complaint as if set forth in full.

92.    This action is brought under *Labor Code* §226(a), which sets forth reporting requirements for employers when paying wages, including that every employer shall furnish each of his or his employees an itemized statement in writing showing (1) gross wages earned, and (2) total hours worked by the employee, (3) net wages earned, (4) all applicable hourly rates in effect during the pay period, and (5) the corresponding number of hours worked at each hourly rate.

93.    *Labor Code* §226(e) provides that an employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

94.    Defendant knowingly and intentionally did not provide Plaintiff with paycheck deduction statements accurately displaying the information required by *Labor Code* §226(a).

95.    As a direct and proximate result of Defendant's conduct as alleged above, Plaintiff is entitled to a civil penalty of fifty dollars ($50) for the initial pay period and one hundred dollars ($100.00) for each subsequent pay period in which Defendant violated the reporting requirements of *Labor Code* § 226, up to a maximum of $4000.

**TENTH CAUSE OF ACTION**

**FAILURE TO MAINTAIN PAYROLL RECORDS**

**(LABOR CODE §§226, 1174 AND 1174.5)**

**(AGAINST L3HARRIS TECHNOLOGIES, INC. and DOES 1-100)**

96.    Plaintiff hereby incorporates all other paragraphs of this complaint as if set forth in full.

97.    Defendants failed to maintain complete and accurate payroll records for Plaintiff, showing gross wages earned, total hours worked including overtime hours worked, all deductions made, net wages earned, all applicable hourly rates in effect during each pay period,

and the corresponding number of hours worked by Plaintiff at each hourly rate, and Defendant is therefore not able to furnish to the commission said documents and/or information.

98.    Defendants are liable for statutory and civil penalties pursuant to Labor Code §§ 1174.5, 558 and other applicable laws and regulations.

## ELEVENTH CAUSE OF ACTION

### FAILURE TO REIMBURSE FOR REQUIRED BUSINESS EXPENSES

### (Cal. Labor Code §§1198, 2802)

### (Against Defendant L3HARRIS TECHNOLOGIES, INC. and DOES 1-100)

99.    Plaintiff reasserts and realleges all preceding paragraphs as if fully set forth and incorporate said paragraphs herein by reference.

100.    Labor Code §2802 requires employers to indemnify employees for necessary expenditures or losses incurred by employees in direct consequence of discharge of duties. Plaintiff was required to purchase tools to use for business purposes in the amount of $5,000, to which Defendant promised to reimburse him for. Defendant failed to reimburse Plaintiff for the tools he used for business purposes as required by the Labor Code.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff further prays that this Court:

1.    For back pay, with prejudgment interest, to the date of judgment herein;

2.    For front pay, for the period from the date of judgment to the date at which Plaintiff actually reaches a position with earnings equivalent to those which he would have received from Defendant had he continued to work for Defendant and been compensated by Defendant as required, including but not limited to bonuses, commissions, and stock options, and other fringe benefits including but not limited to health care insurance (health, dental, vision, life, etc.), disability income protection, retirement benefits, sick leave, vacation (paid and non-paid), social security, profit sharing, and other specialized benefits;

3.    For award of compensatory, consequential, and special damages in amount according to proof at trial;

4.    For statutory penalties;

---

PLAINTIFF'S COMPLAINT FOR DAMAGES - 17

5. For an award of exemplary damages for the purpose of punishing Defendant and deterring its unlawful conduct in the future;

6. For a permanent injunction enjoining the Defendant from violating the relevant provisions of the Labor Code and Industrial Welfare Commission Orders as well as various federal law as may be applicable;

7. For interest on all sums awarded;

8. For reimbursement of the costs, including attorney fees, as afforded under applicable law, including pursuant to Government Code sections 12965, 8547.10 and other applicable laws, including but not limited to Code Civ. Proc., §§ 998, 1021.1 and 1021.5, and for a contingency fee enhancement beyond the lodestar in accordance with *Ketchum v. Moses*, 24 Cal. 4th 1122, 104 Cal. Rptr. 2d 377, 17 P.3d 735 (2001), and related authorities; and

9. A declaration of the rights and interests of the parties;

10. For restitution and disgorgement of ill-gotten profits; and

11. For such further relief as is appropriate in the interest of justice.

12. For unpaid wages, according to proof, together with interest thereon;

13. For a wage premium of fifty dollars ($50) for each period for which Defendant violated the reporting requirements of *Labor Code* §226(a) and one hundred dollars for each subsequent pay period for which Defendant violated the reporting requirements of *Labor Code* §226(a);

14. For an accounting, under administration of Plaintiff and subject to Court review;

15. A declaration of the rights and interests of the parties; and

16. For restitution and disgorgement of ill-gotten profits.

Respectfully submitted,

DATED: June 17, 2024,

KOUL LAW FIRM, APC

By: Nazo Koulloukian, Esq.
Amir Mahdavi-Pour, Esq.
KOUL LAW FIRM
Attorneys for Plaintiff,
ADRIAN RIOS

## <u>JURY TRIAL DEMANDED</u>

Plaintiff demands trial by jury of all issues so triable.

Respectfully submitted,

DATED: June 17, 2024

KOUL LAW FIRM, APC

By: Nazo Koulloukian, Esq.
Amir Mahdavi-Pour, Esq.
KOUL LAW FIRM
Attorneys for Plaintiff,
ADRIAN RIOS

# EXHIBIT A



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**Civil Rights Department**

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

June 13, 2024

NAZO L KOULLOUKIAN
3435 Wilshire Blvd, Ste. 1710
Los Angeles, CA 90010

RE:   **Notice to Complainant's Attorney**
      CRD Matter Number: 202406-25082813
      Right to Sue: Rios / L3Harris Technologies, Inc. et al.

Dear NAZO L KOULLOUKIAN:

Attached is a copy of your complaint of discrimination filed with the Civil Rights Department (CRD) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, CRD will not serve these documents on the employer.** You must serve the complaint separately, to all named respondents. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the CRD does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 2024/05)

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## Civil Rights Department

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

June 13, 2024

RE: **Notice of Filing of Discrimination Complaint**
CRD Matter Number: 202406-25082813
Right to Sue: Rios / L3Harris Technologies, Inc. et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Civil
Rights Department (CRD) in accordance with Government Code section 12960. This
constitutes service of the complaint pursuant to Government Code section 12962. The
complainant has requested an authorization to file a lawsuit. A copy of the Notice of
Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their
contact information.

No response to CRD is requested or required.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 2024/05)

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## Civil Rights Department

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

June 13, 2024

Adrian Rios
3435 Wilshire Blvd. Suite 1710
Los Angeles, CA 90010

RE:   **Notice of Case Closure and Right to Sue**
      CRD Matter Number: 202406-25082813
      Right to Sue: Rios / L3Harris Technologies, Inc. et al.

Dear Adrian Rios:

This letter informs you that the above-referenced complaint filed with the Civil Rights
Department (CRD) has been closed effective June 13, 2024 because an immediate
Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal
Employment Opportunity Commission (EEOC) to file a complaint within 30 days
of receipt of this CRD Notice of Case Closure or within 300 days of the alleged
discriminatory act, whichever is earlier.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 2024/05)

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**
**Civil Rights Department**
**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

In the Matter of the Complaint of

Adrian Rios

CRD No. 202406-25082813

Complainant,

vs.

L3Harris Technologies, Inc.
200 W. Los Angeles Ave.
Simi Valley, CA 93065

Donald Parker

,

Respondents

1. Respondent **L3Harris Technologies, Inc.** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant is naming **Donald Parker** individual as Co-Respondent(s).

3. Complainant **Adrian Rios**, resides in the City of **Los Angeles**, State of **CA**.

4. Complainant alleges that on or about **February 23, 2023**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's other, disability (physical, intellectual/developmental, mental health/psychiatric).

**Complainant was discriminated against** because of complainant's other, disability (physical, intellectual/developmental, mental health/psychiatric) and as a result of the discrimination was terminated, asked impermissible non-job-related questions, denied any employment benefit or privilege, other, denied work opportunities or assignments.

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used a disability-related accommodation and

-1-
*Complaint – CRD No. 202406-25082813*

Date Filed: June 13, 2024

CRD-ENF 80 RS (Revised 2024/05)

as a result was terminated, asked impermissible non-job-related questions, denied any employment benefit or privilege, other, denied work opportunities or assignments.

**Additional Complaint Details:** Plaintiff was harassed, discriminated and retaliated against and thereafter terminated from his employment.

-2-
*Complaint – CRD No. 202406-25082813*

Date Filed: June 13, 2024

CRD-ENF 80 RS (Revised 2024/05)

VERIFICATION

I, **Nazo Koulloukian, Esq.**, am the **Attorney** in the above-entitled complaint. I have read the foregoing complaint and know the contents thereof. The matters alleged are based on information and belief, which I believe to be true.

On June 13, 2024, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

                                                                        **Los Angeles, California**

-3-
*Complaint – CRD No. 202406-25082813*

Date Filed: June 13, 2024

CRD-ENF 80 RS (Revised 2024/05)

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | *FOR COURT USE ONLY* |
|---|---|
| Nazo Koulloukian, Esq. (SBN 263809)<br>KOUL LAW FIRM, APC 3435 Wilshire Blvd., Suite 1710 Los Angeles, CA 90010<br><br>TELEPHONE NO.: (213) 761-5484       FAX NO.: (818) 561-3938<br>EMAIL ADDRESS: nazo@koullaw.com<br>ATTORNEY FOR *(Name):* Plaintiff, ADRIAN RIOS, | **Electronically<br>FILED**<br>by Superior Court of California<br>County of Ventura<br>06/17/2024<br>Brenda L. McCormick<br>Executive Officer and Clerk<br><br>Hannah Cress<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF VENTURA
STREET ADDRESS: 800 South Victoria Ave.
MAILING ADDRESS:
CITY AND ZIP CODE: Ventura, 93009
BRANCH NAME:

CASE NAME:
Rios v. L3Harris technologies, Inc., et al.

| CIVIL CASE COVER SHEET<br>[X] Unlimited   [ ] Limited<br>(Amount   (Amount<br>demanded   demanded is<br>exceeds $35,000)  $35,000 or less) | Complex Case Designation<br>[ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>2024CUWT026014<br>JUDGE:<br>DEPT.: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[X] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. [ ] Large number of separately represented parties
  b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
  c. [ ] Substantial amount of documentary evidence
  d. [ ] Large number of witnesses
  e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
  f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action *(specify):* 11
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 17, 2024

Nazo Koulloukian
_____
(TYPE OR PRINT NAME)                             (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2024]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

Ventura Superior Court Accepted through eDelivery submitted 06-17-2024 at 03:58:00 PM

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

For your protection and privacy, please press the Clear This Form button after you have printed the form.

| Print this form | Save this form | | Clear this form |

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*



Electronically **FILED**
by Superior Court of California
County of Ventura
06/17/2024
Brenda L. McCormick
Executive Officer and Clerk
Hannah Cressy
Deputy Clerk

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

L3HARRIS TECHNOLOGIES, INC., a Delaware Corporation; DONALD PARKER, an individual; and DOES 1 through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ADRIAN RIOS, an individual,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Ventura

800 South Victoria Ave. Ventura, California 93009

CASE NUMBER:
*(Número del Caso):*
**2024CUWT026014**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Nazo Koulloukian, KOUL LAW FIRM,APC 3435 Wilshire Blvd.# 1710,Los Angeles,CA 90010 (213) 761-5484

DATE:
*(Fecha)* 06/17/2024    Brenda L. McCormick    Clerk, by *(Secretario)* _____, Deputy *(Adjunto)*

Hannah Cressy

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. [ ] as an individual defendant.

2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

   under: [ ] CCP 416.10 (corporation)      [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
   [ ] other *(specify):*

4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

[ Print this form ]  [ Save this form ]  [ Clear this form ]

Ventura Superior Court Accepted through eDelivery submitted 06-17-2024 at 03:58:00 PM

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**Electronically FILED**
by Superior Court of California
County of Ventura
**06/17/2024**
Brenda L. McCormick
Executive Officer and Clerk
Hannah Cressy
Deputy Clerk

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
L3HARRIS TECHNOLOGIES, INC., a Delaware Corporation; DONALD PARKER, an individual; and DOES 1 through 100, inclusive,

*[handwritten: MIRANDA R-JENKINS 7/15/2024 PLB # 410]*

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ADRIAN RIOS, an individual,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Ventura

800 South Victoria Ave. Ventura, California 93009

**CASE NUMBER:**
*(Número del Caso):*
**2024CUWT026014**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Nazo Koullouklan, KOUL LAW FIRM,APC 3435 Wilshire Blvd.# 1710,Los Angeles,CA 90010 (213) 761-5484

| DATE: *(Fecha)* **06/17/2024** Brenda L. McCormick | Clerk, by *(Secretario)* Hannah Cressy | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*



**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* **L3 Harris Technologies, Inc., a Delaware Corporation**
   under: ☑ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 (Rev. July 1, 2009) | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 www.courts.ca.gov |
|---|---|---|

For your protection and privacy, please press the Clear This Form button after you have printed the form.    **Print this form**    **Save this form**    **Clear this form**

Ventura Superior Court Accepted through eDelivery submitted 06-17-2024 at 03:58:00 PM

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF VENTURA**
800 South Victoria Avenue
Ventura, CA 93009
(805) 289-8525
www.ventura.courts.ca.gov

## NOTICE OF CASE ASSIGNMENT

Your case has been assigned for all purposes to the judicial officer indicated below.

A copy of this Notice of Case Assignment must be served on all named defendants/respondents with the complaint or petition, and with any cross-complaint that names a new party to the underlying action.

| | |
|---|---|
| **Case Number:** 2024CUWT026014 | **Location:** Hall of Justice |
| **Assigned Judicial Officer:** Matthew P. Guasco | **Department:** 20 |
| **Hearing:** | |

| Event Date: | Event Time: | Event Department: |
|---|---|---|
| | | |

### Scheduling Information

**Judicial Scheduling Information:** Court calendars vary from courtroom to courtroom. You may contact the clerk's office for more information when you need to schedule a hearing before the judicial officer.

**Ex Parte Matters:** To set an ex parte hearing, contact the judicial secretary in the assigned department. Per Local Rule 15.03, all ex parte documents must be filed in the courthouse where the ex parte application shall be heard.

**Noticed Motions:** Contact the clerk's office to reserve a date for a law and motion matter. Per Local Rule 3.19, all law and motion documents must be filed in the courthouse where the motion shall be heard.

**Other Information:** Interpreter services are available upon request. If an interpreter is needed, complete and submit local form VN 250 or Judicial Council Form INT-300 as far in advance as possible when needed for a court hearing. You can visit the court's website at www.ventura.courts.ca.gov for public access to non-confidential case information, local rules and forms, and other court information.

Clerk of the Court,

Date: 06/21/2024

Hannah Cressy

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF VENTURA**
800 South Victoria Avenue
Ventura, CA 93009
(805) 289-8525
www.ventura.courts.ca.gov

## NOTICE OF CASE ASSIGNMENT AND MANDATORY APPEARANCE

Your case has been assigned for all purposes to the judicial officer indicated below.

A copy of this Notice of Case Assignment and Mandatory Appearance shall be served by the filing party on all named Defendants/Respondents with the Complaint or Petition, and with any Cross-Complaint or Complaint in Intervention that names a new party to the underlying action.

| **Case Number:** 2024CUWT026014 | **Location:** Hall of Justice |
|---|---|
| **Assigned Judicial Officer:** Matthew P. Guasco | **Department:** 20 |

| **Hearing:** MANDATORY APPEARANCE CMC/Order to Show Cause Re Sanctions/Dismissal for Failure to File Proof of Service/Default | | |
|---|---|---|
| **Event Date:** 10/21/2024 | **Event Time:** 8:35 AM | **Event Department:** 20 |

### Scheduling Information

**Judicial Scheduling Information:**  The above hearing is MANDATORY. Each party is ordered to file a Case Management Statement no later than 15 calendar days prior to the hearing and serve it on all parties. If your Case Management Statement is untimely, it may NOT be considered by the court (CRC 3.725) and you may be sanctioned for noncompliance with a court order (CCP 177.5). If proof of service and/or request for entry of default have not been filed: At the above hearing you are ordered to show cause why you should not be compelled to pay sanctions and/or why your case should not be dismissed (CCP 177.5, Local Rule 3.17).

**Advanced Jury Fee Requirement:**  At least one party demanding a jury trial on each side of a civil case must pay a non-refundable jury fee of $150. The non-refundable jury fee must be paid timely pursuant to Code of Civil Procedure section 631.

**Noticed Motions/Ex Parte Matters:**  To set an ex parte hearing, contact the judicial secretary in the assigned department. Contact the clerk's office to reserve a date for a law and motion matter.

**Telephonic Appearance:**  Telephonic Appearance at the Mandatory Appearance Case Management Conference is permitted pursuant to CRC 3.722(c) through CourtCall, the court's teleconference provider. (See also CRC 3.672).  To schedule a CourtCall appearance, a party must pre-register with CourtCall at https://courtcall.com/support/faq/registration or call 888-882-6878.

Clerk of the Court,

Date: 06/21/2024

Hannah Cressy

NTC535
(Rev. 10/24/2023)

**NOTICE OF CASE ASSIGNMENT**

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| Koul Law Firm<br>Nazo Koulloukian, Esq. SBN 263809<br>3435 Wilshire Blvd., Suite 1710<br>Los Angeles, CA 90010<br>   TELEPHONE NO:  213-761-5484          FAX NO *(Optional)*:<br>ATTORNEY FOR *(Name)*:   Plaintiff | VENTURA SUPERIOR COURT<br>**FILED**<br>08/01/2024<br>Brenda L. McCormick<br>Executive Officer and Clerk<br>Dolores Hernandez |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Ventura
 STREET ADDRESS:   800 S. Victoria Ave.
 MAILING ADDRESS:
 CITY AND ZIP CODE:   Ventura, 93009
 BRANCH NAME:   Ventura County Superior Court - Hall of Justice

| PLAINTIFF / PETITIONER:   Adrian Rios, an individual | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT:   L3Harris Technologies, Inc., a Delaware Corporation, et al. | 2024CUWT026014 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>11402089 |
|---|---|

*(Separate proof of service is required for each party served.)*

1.   At the time of service I was at least 18 years of age and not a party to this action.
2.   I served copies of:
   a.  [X]  Summons
   b.  [X]  Complaint
   c.  [X]  Alternative Dispute Resolution (ADR) Package
   d.  [X]  Civil Case Cover Sheet *(served in complex cases only)*
   e.  [ ]  Cross-Complaint
   f.  [X]  Other *(specify documents)*:   Notice of Case Assignment and Mandatory Appearance
3.   a.   Party served *(specify name of party as shown on documents served)*:
         L3Harris Technologies, Inc., a Delaware Corporation
     b.  [X]   Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
         Christopher E. Kubasik, Chief Executive Officer
4.   Address where the party was served:
     1025 W. NASA Blvd., Melbourne, FL 32919
5.   I served the party *(check proper box)*
     a.  [ ]   by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*:                          (2) at *(time)*:
     b.  [X]   by substituted service. On *(date)*:   Mon, Jul 15 2024          at *(time)*:   03:30 PM          I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:
         Miranda Jenkins, Person Apparently in Charge
         (1)  [X]   (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
         (2)  [ ]   (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
         (3)  [ ]   (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
         (4)  [ ]   I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:                                       from *(city)*:                                      or [X] a declaration of mailing is attached.
         (5)  [ ]   I attach a declaration of diligence stating actions taken first to attempt personal service.

---

POS-010 [Rev. January 1, 2007]                    **PROOF OF SERVICE OF SUMMONS**                              Page 1 of 2
Job: 11402089                                                                                      Code of Civil Procedure, § 417.10

| PLAINTIFF / PETITIONER:  Adrian Rios, an individual | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT:  L3Harris Technologies, Inc., a Delaware Corporation, et al. | 2024CUWT026014 |

5.    c. ☐   **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

      (1)   on (date):              (2)   from (city):

      (3) ☐   with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. (Attach completed *Notice and Acknowledgement of Receipt.*) (Code Civ. Proc., § 415.30.)

      (4) ☐   to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d. ☐   **by other means** (specify means of service and authorizing code section):

      ☐   Additional page describing service is attached.

6.   The "Notice to the Person Served" (on the summons) was completed as follows:

   a. ☐   as an individual defendant.

   b. ☐   as the person sued under the fictitious name of (specify):

   c. ☐   as occupant.

   d. ☒   On behalf of (specify):   L3Harris Technologies, Inc., a Delaware Corporation

      under the following Code of Civil Procedure section:

| | |
|---|---|
| ☒ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| ☐ other: | |

7.   **Person who served papers**

   a.   Name:               Ron Ballmann

   b.   Address:             781 Furth Road NW, Palm Bay, Florida 32907

   c.   Telephone number:    951-353-8281

   d.   The fee for service was:    $376.95

   e.   I am:

      (1) ☒   not a registered California process server.

      (2) ☐   exempt from registration under Business and Professions Code section 22350(b).

      (3) ☐   a registered California process server:

         (i)   ☐ owner   ☐ employee   ☐ independent contractor

         (ii)   Registration No:

         (iii)   County:

8. ☒   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

     or

9. ☐   I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date:   07/17/2024

Ron Ballmann    *Ron Ballman / Process Server #410*          *Ron Ballman*

(NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL)          (SIGNATURE)

MC-031

| PLAINTIFF / PETITIONER: Adrian Rios, an individual | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT: L3Harris Technologies, Inc., a Delaware Corporation, et al. | 2024CUWT026014 |

## DECLARATION OF MAILING

(This form must be attached to another form or court paper before it can be filed in court.)

1. I am over the age of 18 and not a party to this action. I am employed in the county where the mailing occurred.

2. I served copies of the Summons; Complaint; Civil Case Cover Sheet; Notice of Case Assignment and Mandatory Appearance; Alternative Dispute Resolution information Package

3. By placing a true copy of each document in United States mail, in a sealed envelope by First Class mail with postage prepaid as follows:

a. Date of Mailing: Wed, Jul 17 2024

b. Place of Mailing: Riverside, CA 92509

c. Addressed as Follows: L3Harris Technologies, Inc., a Delaware Corporation
c/o Christopher E. Kubasik, Chief Executive Officer
1025 W. NASA Blvd.
Melbourne, FL 32919

4. I am readily familiar with the business practice for collection and processing of correspondence as deposited with the U.S. Postal Service

5. Person who mail served papers

a. Name: Glenn Grainger

b. Address: 4651 Brookhollow Circle, Ste. C, Riverside, CA 92509

c. Telephone number: 951-353-8281

d. I am:

(1) ☐ not a registered California process server.

(2) ☒ exempt from registration under Business and Professions Code section 22350(b).

(3) ☐ a registered California process server:

(i) ☐ owner ☐ employee ☐ independent contractor

(ii) Registration No:

(iii) County:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 07/17/2024

Glenn Grainger

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF DECLARANT)

☐ Attorney for ☐ Plaintiff ☐ Petitioner ☐ Defendant
☐ Respondent ☐ Other (Specify):

MC-031 [Rev.July 1, 2005]
Job: 11402089

**ATTACHED DECLARATION**

Page 1 of 1

VN004

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | Telephone Number | FOR COURT USE ONLY |
|---|---|---|
| Nazo Koulloukian, Esq. (SBN 263809)<br>KOUL LAW FIRM, APC<br>3435 Wilshire Blvd., Suite 1710 ,<br>Los Angeles, CA 90010 . | RECEIVED<br>VENTURA SUPERIOR COURT<br>AUG 0 8 2024 | VENTURA SUPERIOR COURT<br>**FILED**<br>08/09/2024<br>Brenda L. McCormick<br>Executive Officer and Clerk<br>Elizabeth Muller |
| ATTORNEY FOR (Name): Plaintiff, ADRIAN RIOS | | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF VENTURA    ☐ Limited Civil Case

☑  800 SOUTH VICTORIA AVE. VENTURA, CA 93009

PLAINTIFF/PETITIONER  ADRIAN RIOS

DEFENDANT/RESPONDENT  L3HARRIS TECHNOLOGIES, INC., et al.

| AMENDMENT TO COMPLAINT | CASE NUMBER:<br>2024CUWT026014 |
|---|---|

## FICTITIOUS NAME (No order required)

Upon filing the complaint in this case, plaintiff(s) being ignorant of the true name of a defendant, designated such defendant in the complaint by the fictitious name of _____

Having discovered the defendant's true name to be _____
the plaintiff(s)now amend(s) the complaint by inserting such true name instead of such fictitious name wherever it appears in the complaint.

_____
Attorney(s) for Plaintiff(s)

## INCORRECT NAME (Requires order thereon)

Plaintiff(s) having designated a defendant in the complaint by the incorrect name of  L3HARRIS TECHNOLOGIES, INC.

Having discovered the true name of the defendant to be  L3 Technologies, Inc.

Plaintiff requests the complaint be amended by inserting such true name instead of such incorrect name wherever it appears in the complaint.

_____
Attorney(s) for Plaintiff(s)

## ORDER

Proper cause appearing, the above amendment to the complaint is allowed.

Dated: _____08/09/2024_____            _____
                                                                Judge

| Optional Form<br>VN004 (Rev. 07/03) | **AMENDMENT TO COMPLAINT** | C. C. P. Sec. 473-474 |
|---|---|---|

PDF FILING

## PROOF OF SERVICE

### Case No. 2024CUWT026014
### *Rios v. L3Harris Technologies, Inc, et al.*

I, NADIA CHAVEZ declare that I am a resident of or employed in the County of Los Angeles, California. I am over the age of 18 years and not a party to the entitled case. The name and address of my residence or business is KOUL LAW FIRM, 3435 Wilshire Blvd. Ste. 1710, Los Angeles, California 90010.

On August 7, 2024, I served the foregoing document described as:

## AMENDMENT TO COMPLAINT

___X____     **BY E-MAIL:** I hereby certify that this document was served from Los Angeles, California, by e-mail delivery on the parties listed herein at their most recent known e-mail address from e-mail nadia@koullaw.com pursuant to California Rules of Court. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

on the interested parties in this action by sending [  ] the original [or] [✔] a true copy thereof [✔] to interested parties as follows [or] [  ] as stated on the attached service list:

Alison Tsao, Esq.
Holly Jones, Esq.
**CDF Labor Law LLP**
600 Montgomery Street, Suite 440
San Francisco, CA 94111
atsao@cdflaborlaw.com
hjones@cdflaborlaw.com
scorral@cdflaborlaw.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on this August 7, 2024, in Los Angeles, California.


_____
NADIA CHAVEZ

CDF LABOR LAW LLP
   Alison L. Tsao, State Bar No. 198250
   atsao@cdflaborlaw.com
   Holly Jones, State Bar No. 328831
   hjones@cdflaborlaw.com
600 Montgomery Street, Suite 440
San Francisco, CA 94111
Telephone:  (415) 981-3233

Attorneys for Defendant
L3 TECHNOLOGIES, INC.

Electronically
FILED
by Superior Court of California
County of Ventura
09/09/2024
Brenda L. McCormick
Executive Officer and Clerk

Joan Foster
Joan Foster
Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF VENTURA**

| | |
|---|---|
| ADRIAN RIOS, an individual, | ) Case No. 2024CUWT026014 |
| | ) |
|      Plaintiff, | ) Assigned for All Purposes To: |
|   vs. | ) Judge: Matthew P. Guasco |
| | ) Dept:  20 |
| L3 TECHNOLOGIES, INC., a Delaware | ) |
| Corporation; DONALD PARKER, an | ) **DEFENDANT L3 TECHNOLOGIES,** |
| individual; and DOES 1 through 100, inclusive, | ) **INC.'S ANSWER TO PLAINTIFF** |
| | ) **ADRIAN RIOS' COMPLAINT** |
|      Defendants. | ) |
| | ) Action Filed:  June 17, 2024 |

Ventura Superior Court Accepted through eDelivery submitted 09-09-2024 at 11:27:00 AM

CASE #:2024CUWT026014 RECEIPT #: 1240909D216780 DATE PAID : 09/9/24 11:58 AM TOTAL : 435.00 TYPE : EFT

CDF Labor Law LLP

4881-2814-8178.2

DEFENDANT L3 TECHNOLOGIES, INC.'S
ANSWER TO PLAINTIFF ADRIAN RIOS'
COMPLAINT

CDF LABOR LAW LLP
  Alison L. Tsao, State Bar No. 198250
  atsao@cdflaborlaw.com
  Holly Jones, State Bar No. 328831
  hjones@cdflaborlaw.com
600 Montgomery Street, Suite 440
San Francisco, CA 94111
Telephone:  (415) 981-3233

Attorneys for Defendant
L3 TECHNOLOGIES, INC.

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF VENTURA**

| | |
|---|---|
| ADRIAN RIOS, an individual, | ) Case No. 2024CUWT026014 |
|  | ) |
|   Plaintiff, | ) Assigned for All Purposes To: |
|   vs. | ) Judge: Matthew P. Guasco |
|  | ) Dept:    20 |
| L3 TECHNOLOGIES, INC., a Delaware | ) |
| Corporation; DONALD PARKER, an | ) **DEFENDANT L3 TECHNOLOGIES,** |
| individual; and DOES 1 through 100, inclusive, | ) **INC.'S ANSWER TO PLAINTIFF** |
|  | ) **ADRIAN RIOS' COMPLAINT** |
|   Defendants. | ) |
|  | ) Action Filed:    June 17, 2024 |

DEFENDANT L3 TECHNOLOGIES, INC.'S
ANSWER TO PLAINTIFF ADRIAN RIOS'
COMPLAINT

4881-2814-8178.2

Defendant L3 TECHNOLOGIES, INC. ("L3 Technologies", the "Company", or "Defendant") hereby answers the Complaint as amended by the Court's Order of August 9, 2024 granting Plaintiff's Amendment to Complaint ("Complaint") filed by Plaintiff ADRIAN RIOS ("Plaintiff") as follows:

## GENERAL DENIAL

Pursuant to the provisions of section 431.30(d) of the California Code of Civil Procedure, Defendant denies, generally and specifically, each and every allegation and each purported cause of action in Plaintiff's Complaint. Defendant further denies, generally and specifically, that Plaintiff has been damaged in any sum, or at all, by reason of any acts or omissions on the part of Defendant or its respective officers, directors, employees or agents. Defendant further denies, generally and specifically, that Plaintiff has suffered any damage or loss of wages, overtime, penalties, compensation, benefits or restitution, or is entitled to any other legal or equitable relief within the jurisdiction of this Court.

## AFFIRMATIVE DEFENSES

Defendant has not completed its investigation of the facts of this case, has not completed discovery in this matter, and has not completed its preparation for trial. The affirmative defenses Defendant asserts herein are based on its knowledge, information, and belief at this time, and Defendant specifically reserves the right to modify, amend, or supplement any affirmative defense contained herein at any time.

Without conceding that Defendant bears the burden of proof or persuasion as to any one of them, Defendant alleges the following separate affirmative defenses to the Complaint.

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

1. Plaintiff's Complaint, and each and every purported cause of action alleged therein are barred, in whole or in part, because they fail to allege facts sufficient to state a cause of action upon which relief can be granted.

2

DEFENDANT L3 TECHNOLOGIES, INC.'S ANSWER TO PLAINTIFF ADRIAN RIOS' COMPLAINT

4881-2814-8178.2

## SECOND AFFIRMATIVE DEFENSE

(Statutes of Limitations)

2.    Plaintiff's Complaint, and each and every purported cause of action alleged therein are barred by the applicable statutes of limitation for each alleged cause of action including but not limited to, California Code of Civil Procedure §§ 312, 337, 338, 339, 340 and 343, California Labor Code § 203, and Cal. Govt. Code §§ 12960 and 12965.

## THIRD AFFIRMATIVE DEFENSE

(Failure to Exhaust Administrative Remedies)

3.    Plaintiff's claims are barred, in whole or in part, to the extent he has failed to exhaust his administrative remedies against Defendant.

## FOURTH AFFIRMATIVE DEFENSE

(Waiver)

4.    Plaintiff has waived his right to assert the purported claims in the Complaint against Defendant, and each purported cause of action therein.  Plaintiff by his conduct and actions has waived the right, if any, to assert the claims alleged in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

(Estoppel)

5.    Plaintiff, by his own conduct and actions, is barred by the doctrine of estoppel from maintaining some or all claims against Defendant.

## SIXTH AFFIRMATIVE DEFENSE

(Laches)

6.    Plaintiff's claims are barred, in whole or in part, by the doctrine of laches because Plaintiff did not raise them in a timely fashion.

## SEVENTH AFFIRMATIVE DEFENSE

(Accord and Satisfaction)

7.    To the extent that Plaintiff accepted payments and releases, the underlying claims are barred by the doctrine of accord and satisfaction.

3

DEFENDANT L3 TECHNOLOGIES, INC.'S ANSWER TO PLAINTIFF ADRIAN RIOS' COMPLAINT

4881-2814-8178.2

**EIGHTH AFFIRMATIVE DEFENSE**

(Unclean Hands)

8.      Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

**NINTH AFFIRMATIVE DEFENSE**

(After-Acquired Evidence)

9.      Plaintiff's claims are barred, in whole or in part, by the after-acquired evidence doctrine.

**TENTH AFFIRMATIVE DEFENSE**

(Good Faith Dispute)

10.     Plaintiff is not entitled to any penalties because, at all times relevant and material herein, Defendant did not willfully fail to comply with any provisions of the California Labor Code or applicable Industrial Welfare Commission ("IWC") Wage Orders, but rather acted in good faith and had reasonable grounds to believe that Defendant did not violate the California Labor Code or applicable IWC Wage Order.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Lack of Standing for Injunctive Relief)

11.     Plaintiff is not entitled to equitable relief sought because he has an adequate remedy at law and/or cannot make the requisite showing to obtain injunctive relief in an employment dispute.

**TWELFTH AFFIRMATIVE DEFENSE**

(Due Process/Excessive Fines)

12.     Although Defendant denies that it has committed or has responsibility for any act that could support the recovery of civil penalties in this lawsuit, if and to the extent any such act or responsibility is found, recovery of civil penalties against Defendant is unconstitutional under numerous provisions of the United States Constitution and the California Constitution, including the excessive fines clause of the Eighth Amendment, the due process clauses of the Fifth Amendment and Section 1 of the Fourteenth Amendment, and other provisions of the United States Constitution, and the excessive fines clause of Section 17 of Article I, the due process clause of

4                    DEFENDANT L3 TECHNOLOGIES, INC.'S
ANSWER TO PLAINTIFF ADRIAN RIOS'
COMPLAINT

4881-2814-8178.2

Section 7 of Article I, and other provisions of the California Constitution.

## THIRTEENTH AFFIRMATIVE DEFENSE

(No Entitlement to Restitution)

13.     Plaintiff is precluded from recovering restitution, in whole or in part, from Defendant, under the applicable provisions of law because Plaintiff cannot specify quantifiable monetary amounts obtained from Plaintiff by Defendant for which restitution is owed.

## FOURTEENTH AFFIRMATIVE DEFENSE

(No Knowing and Intentional Violation of the Labor Code)

14.     Any alleged violation of the California Labor Code was not knowing and intentional and therefore Plaintiff's requested recovery is barred.

## FIFTEENTH AFFIRMATIVE DEFENSE

(De Minimis Time)

15.     The Complaint, and each and every cause of action alleged therein, fails to the extent that Plaintiff is alleging he was not paid for all hours worked because such time was *de minimis* and therefore is not recoverable.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Unjust Enrichment)

16.     The Complaint, and each and every cause of action alleged therein, is barred because any recovery from Defendant would result in Plaintiff's unjust enrichment because Defendant did not engage in any unlawful activity.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Labor Code section 226 – No Injury)

17.     Plaintiff's cause of action for violation of California Labor Code section 226 is barred, in whole or in part, because Plaintiff lacks any injury and has suffered no legally cognizable damages.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Indemnity for Expenditures Barred)

18.     Plaintiff's cause of action for violation of California Labor Code section 2802 fails,

5

DEFENDANT L3 TECHNOLOGIES, INC.'S
ANSWER TO PLAINTIFF ADRIAN RIOS'
COMPLAINT

in whole or in part, because Plaintiff is precluded from recovering money for his reimbursement claim since his expenditures were not necessary as a direct consequence of the job and/or he kept the property and thereby suffered no loss.  To the extent Plaintiff was required to incur expenses related to his employment with Defendant, any such expenses were reimbursed or were *de minimis* and unable to be recovered.

## NINETEENTH AFFIRMATIVE DEFENSE

### (At-Will)

19.    Plaintiff's claims, if any, are barred, in whole or in part, by the fact that Plaintiff, at all times, was an at-will employee who could be terminated with or without cause at any time under California Labor Code § 2922.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Good Cause)

20.    Plaintiff's claims, if any, are barred, in whole or in part, by the fact that there was good cause to terminate Plaintiff.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Same Decision)

21.    Plaintiff's claims, if any, are barred, in whole or in part, because to the extent that any unlawful reasons were motivating factors behind any employment decisions affecting Plaintiff there exist legitimate, non-retaliatory reasons that standing alone would have induced the same employment decisions.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Business Necessity)

22.    Plaintiff's claims, if any, are barred, in whole or in part, in that Defendant acted at all relevant times out of business necessity.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Managerial Privilege)

23.    Plaintiff's claims, if any, are barred, in whole or in part, because the conduct giving rise to the allegations in the Complaint was a just and proper exercise of managerial discretion and

DEFENDANT L3 TECHNOLOGIES, INC.'S
ANSWER TO PLAINTIFF ADRIAN RIOS'
COMPLAINT

4881-2814-8178.2

undertaken for fair, honest and lawful reasons under the circumstances.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Reasonable Care)

24.    Plaintiff's claims, if any, are barred, in whole or in part, because Defendant exercised reasonable care to prevent and promptly correct discriminatory, harassing, and retaliatory behavior, if any.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Avoidable Consequences)

25.    Plaintiff's alleged damages, at least in part, are barred on the grounds that Defendant took reasonable steps to prevent and correct unlawful conduct, Plaintiff failed to use the preventative and corrective measures provided by Defendant, and reasonable use of Defendant's procedures would have prevented at least some, if not all, of Plaintiff's alleged harm.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

(Failure to Comply with Employer's Directions – California Labor Code section 2856)

26.    Plaintiff's claims, if any, are barred, in whole or in part, because Plaintiff did not comply substantially with all employer directions concerning the service for which Plaintiff was engaged.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(Offset)

27.    To the extent that Plaintiff sustained any damage as a result of the conduct alleged in the Complaint, which Defendant continues to deny, then Defendant is entitled to an offset to the extent that Plaintiff received income from other sources.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

28.    Plaintiff's claims, if any, are barred, in whole or in part, to the extent that Plaintiff failed to mitigate Plaintiff's damages, if any.

7

DEFENDANT L3 TECHNOLOGIES, INC.'S
ANSWER TO PLAINTIFF ADRIAN RIOS'
COMPLAINT

4881-2814-8178.2

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

(No Entitlement to Punitive Damages)

29.     Plaintiff is precluded from recovering exemplary or punitive damages from Defendant under the applicable provisions of law. Specifically, California Civil Code § 3294 precludes Plaintiff from recovering exemplary or punitive damages because Plaintiff has failed to plead and cannot establish facts sufficient to support allegations of malice, oppression or fraud, nor has he pled despicable conduct. In addition, California's laws regarding the alleged conduct in question in the Complaint are too vague to permit the imposition of punitive damages, and any award of punitive or exemplary damages under California law in general, and/or any such award under California law as applied to the facts in this case, would violate Defendant's constitutional rights under provisions of the United States and California Constitutions, including, but not limited to, the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution, and the excessive fines and cruel and unusual punishment clauses of the Eighth Amendment to the United States Constitution.

**THIRTIETH AFFIRMATIVE DEFENSE**

(Good Faith)

30.     Defendant's actions were undertaken in good faith, without malice, and for good cause, with the absence of malicious intent to injure Plaintiff.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

(Workers' Compensation Preemption)

31.     Plaintiff is barred from seeking any damages for alleged physical or emotional injuries on the ground that the sole and exclusive remedy for such alleged injuries is governed by the California Workers' Compensation Act, California Labor Code section 3600 *et seq.*

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

(Plaintiff's Own Conduct and/or Fault of Others)

32.     Plaintiff's claims, if any, are barred, in whole or in part, because if Plaintiff sustained any damage, injury or detriment as alleged in the Complaint, such injury was caused by his own conduct and/or the fault of others for whose conduct Defendant is not liable.

8                    DEFENDANT L3 TECHNOLOGIES, INC.'S ANSWER TO PLAINTIFF ADRIAN RIOS' COMPLAINT

4881-2814-8178.2

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (No Retaliation)

33.     Plaintiff's causes of action are barred because all decisions made regarding Plaintiff's employment were based on legitimate, non-retaliatory criteria, had nothing to do with Plaintiff's alleged protected activity, and were made for proper, business-related reasons that were not arbitrary, capricious, or unlawful.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

34.     To the extent that Plaintiff's alleged damages were caused in part by acts of Plaintiff or third parties, any liability or damages must be apportioned, and Defendant is not liable for such acts.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (No Damages)

35.     Defendant denies that Plaintiff suffered any damages as a result of any alleged conduct by Defendant.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (No Causation)

36.     Defendant alleges that, if Plaintiff suffered damages, such damages were not caused by any act of Defendant.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (Attorneys' Fees Not Recoverable)

37.     Plaintiff is precluded from recovering attorneys' fees for some or all of the claims alleged in the Complaint.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (Consent)

38.     Plaintiff's alleged causes of action are barred, in whole or in part, by the doctrine of consent.

9                              DEFENDANT L3 TECHNOLOGIES, INC.'S
ANSWER TO PLAINTIFF ADRIAN RIOS'
COMPLAINT

4881-2814-8178.2

## THIRTY-NINTH AFFIRMATIVE DEFENSE

(No Intentional Infliction of Emotional Distress)

39.     Plaintiff's sixth cause of action is barred because Defendant did not engage in any extreme or outrageous conduct with the intention of causing, or reckless disregard of the probability of causing, emotional distress to Plaintiff.

## FORTIETH AFFIRMATIVE DEFENSE

(No Knowledge, Authorization, or Ratification)

40.     Defendant is not liable for Plaintiff's alleged damages because, if any person engaged in intentional, willful or unlawful conduct as alleged in the Complaint, he or she did so without the knowledge, authorization, or ratification of Defendant, and any such conduct was outside the scope of employment.

## FORTY-FIRST AFFIRMATIVE DEFENSE

(Failure to State Facts Sufficient to Constitute Emotional Distress)

41.     Plaintiff's Complaint, and the claims alleged therein, fail to allege facts sufficient to constitute Plaintiff's emotional distress, and therefore fail to support a claim for emotional distress damages.

## FORTY-SECOND AFFIRMATIVE DEFENSE

(Alleged Conduct Not Severe or Pervasive)

42.     Plaintiff's Complaint, and the claims alleged therein, fail to allege facts sufficient to constitute a claim of harassment and/or hostile work environment because any such conduct was neither severe nor pervasive and did not alter the terms or conditions of Plaintiff's employment.

## FORTY-THIRD AFFIRMATIVE DEFENSE

(Good Faith Efforts to Enforce Policy)

43.     Plaintiff's claims are barred, in whole or in part, because Defendant had in place policies to prevent discrimination, harassment, and retaliation in the workplace and made good faith efforts to implement and enforce those policies.

10

DEFENDANT L3 TECHNOLOGIES, INC.'S
ANSWER TO PLAINTIFF ADRIAN RIOS'
COMPLAINT

4881-2814-8178.2

## **FORTY-FOURTH AFFIRMATIVE DEFENSE**

(No Discrimination, Harassment, or Retaliation)

44.  Defendant's actions with respect to the subject matters alleged in the Complaint were undertaken in good faith and for cause after adequate investigation, with the absence of malicious intent to injure Plaintiff, and constitute lawful, proper and justified means to further the sole purpose of Defendant to engage in and continue its lawful business activities.  Furthermore, all decisions made with respect to Plaintiff's employment were reasonably based on legitimate, non-discriminatory and non-retaliatory reasons and were made for proper, business-related reasons which were neither arbitrary, capricious, nor unlawful.  By reason therefore, Plaintiff is barred, in whole or in part, from recovery on the alleged causes of action contained in the Complaint.

## **FORTY-FIFTH AFFIRMATIVE DEFENSE**

(No Evidence of Substantial Negative Reliance on Illegitimate Criterion)

45.  Plaintiff's claims are barred, in whole or in part, because Plaintiff has no direct evidence that Defendant placed substantial negative reliance on any illegitimate criterion in taking any alleged adverse action with respect to Plaintiff's employment.

## **FORTY-SIXTH AFFIRMATIVE DEFENSE**

(No Proximate Cause)

46.  If Plaintiff has suffered any emotional distress, which Defendant denies, such emotional distress was proximately caused by factors other than the acts alleged in the Complaint.

## **FORTY-SEVENTH AFFIRMATIVE DEFENSE**

(Additional Defenses)

47.  Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available. Defendant reserves the right to assert additional defenses in the event discovery or an investigation indicates that they would be appropriate.

## **PRAYER**

WHEREFORE, Defendant pray for judgment as follows:

1.  That judgment be entered in favor of Defendant and against Plaintiff;

11  DEFENDANT L3 TECHNOLOGIES, INC.'S ANSWER TO PLAINTIFF ADRIAN RIOS' COMPLAINT

4881-2814-8178.2

2.      That Plaintiff take nothing by his Complaint and that said Complaint be dismissed, in its entirety, with prejudice;

3.      That Defendant be awarded its costs of suit herein;

4.      That Defendant be awarded reasonable attorneys' fees as permitted by law; and

5.      For such other additional relief as the Court deems just and proper.

Dated:  September 9, 2024          CDF LABOR LAW LLP


By: _____
                    Alison L. Tsao
                    Attorneys for Defendant
                    L3 TECHNOLOGIES, INC.

12          DEFENDANT L3 TECHNOLOGIES, INC.'S
            ANSWER TO PLAINTIFF ADRIAN RIOS'
            COMPLAINT

4881-2814-8178.2

## **PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO.

I, the undersigned, declare that I am employed in the aforesaid County, State of California. I am over the age of 18 and not a party to the within action. My business address is 600 Montgomery Street, Suite 440, San Francisco, CA 94111. On September 9, 2024, I served upon the interested party(ies) in this action the following document described as:

**DEFENDANT L3 TECHNOLOGIES, INC.'S ANSWER TO PLAINTIFF ADRIAN RIOS' COMPLAINT**

By the following method:

Nazo Koulloukian, Esq.
Amir Mahdavi-Pour, Esq.
Patil T. Derderian, Esq.
KOUL LAW FIRM
3435 Wilshire Blvd., Suite 1710
Los Angeles CA 90010
Telephone: (213) 761-5484

FAX: (818) 561-3938
E-MAIL: nazo@koullaw.com;
amir@koullaw.com;
patil@koullaw.com;
nadia@koullaw.com

For processing by the following method:

[X]   **(Electronic service)**  Pursuant to CCP 1010.6, I caused the documents to be sent to the persons at the electronic service addresses listed above. For represented parties, I confirmed the appropriate electronic service address for the counsel being served. For unrepresented parties, if any, the unrepresented party(ies) have expressly consented to electronic service.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 9, 2024, at San Francisco, California.

| | |
|---|---|
| Shantal Corral | |
| (Type or print name) | (Signature) |

DEFENDANT L3 TECHNOLOGIES, INC.'S
ANSWER TO PLAINTIFF ADRIAN RIOS'
COMPLAINT

CDF Labor Law LLP

4881-2814-8178.2

VN246

Ventura Superior Court Accepted through eDelivery submitted 10-03-2024 at 10:41:00 AM

CASE #:2024CUWT026014 RECEIPT #: 1241003D220548 DATE PAID : 10/3/24 11:55 AM TOTAL : 150.00 TYPE : EFT

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | Telephone Number | FOR COURT USE ONLY |
|---|---|---|
| Alison L. Tsao (SBN 198250); Holly Jones (SBN: 328831)<br>CDF Labor Law LLP<br>600 Montgomery St., Suite 440<br>San Francisco, CA 94111 | (415) 981-3233 | **Electronically FILED**<br>by Superior Court of California<br>County of Ventura<br>**10/03/2024**<br>Brenda L. McCormick<br>Executive Officer and Clerk<br>Joan Foster<br>Deputy Clerk |

ATTORNEY FOR (Name): Defendant L3 Technologies, Inc.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF VENTURA    ☐ CIVIL CASE LIMITED

☑ 800 SOUTH VICTORIA AVE. VENTURA, CA 93009

☐ 3855 – F ALAMO ST. SIMI VALLEY, CA  93063-2110

PLAINTIFF/PETITIONER: ADRIAN RIOS

DEFENDANT/RESPONDENT: L3 TECHNOLOGIES, INC.

| **NOTICE OF POSTING ADVANCE JURY FEES** | CASE NUMBER:<br>2024CUWT026014 |
|---|---|

## NOTICE

TO:  The above court, the clerk thereof, and all concerned parties:

The statutory advance jury fee is tendered herewith on behalf of the

☐ Plaintiff    ☑ Defendant  L3 TECHNOLOGIES, INC.
_____
(Full Name)

☐ Parcel No(s) (if appropriate) _____

Date: October 3, 2024 _____    _____
(Signature)

---

## DECLARATION OF SERVICE BY MAIL

I declare that: I am over the age of 18 years and not a party to this case; I am employed in, or am a resident of the County where the mailing took place; and my residence or business address is:

I served the **NOTICE OF PAYMENT OF ADVANCE JURY FEE** by placing a true copy in separate envelopes addressed to each addressee, respectively, as follows:

I then sealed each envelope and, with postage thereon fully prepaid, placed each for deposit in the United States Postal Service, on the date shown below at (City and State) _____

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Date: _____

_____        _____
Type or Print Name                                               Signature

| Optional Form<br>VN246 (New 07/13) | **NOTICE OF POSTING ADVANCE JURY FEE** | CCP 631 (b)<br>Page 1 of 1 |
|---|---|---|

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO.

I, the undersigned, declare that I am employed in the aforesaid County, State of California. I am over the age of 18 and not a party to the within action. My business address is 600 Montgomery Street, Suite 440, San Francisco, CA 94111. On October 3, 2024, I served upon the interested party(ies) in this action the following document described as:

### NOTICE OF POSTING ADVANCE JURY FEES

By the following method:

Nazo Koulloukian
Amir Mahdavi-Pour
Nadia Chavez Martinez
Patil Derderian
KOUL LAW FIRM
3435 Wilshire Blvd., Suite 1710
Los Angeles CA 90010
Telephone: (213) 761-5484

FAX: (818) 561-3938
E-MAIL: nazo@koullaw.com;
amir@koullaw.com;

For processing by the following method:

[X] **(Electronic service)** Pursuant to CCP 1010.6, I caused the documents to be sent to the persons at the electronic service addresses listed above. For represented parties, I confirmed the appropriate electronic service address for the counsel being served. For unrepresented parties, if any, the unrepresented party(ies) have expressly consented to electronic service.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 3, 2024, at San Francisco, California.

_____          _____
         Shantal Corral                           (Signature)
      (Type or print name)

MASTER CAPTION & POS

CDF Labor Law LLP

4887-4302-0241.1

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER: | FOR COURT USE ONLY |
|---|---|---|

NAME: Nazo Koulloukian, Esq. (SBN 263809)
FIRM NAME: Koul Law Firm, APC
STREET ADDRESS: 3435 Wilshire Blvd., Suite 1710
CITY: Los Angeles    STATE: CA    ZIP CODE: 90010
TELEPHONE NO.: (2131) 325-3023    FAX NO.: (818) 561-3938
EMAIL ADDRESS: nazo@koullaw.com
ATTORNEY FOR (name): Plaintiff ADRIAN RIOS

**FOR COURT USE ONLY**

VENTURA SUPERIOR COURT
**FILED**
10/04/2024
Brenda L. McCormick
Executive Officer and Clerk
Karlie Robles
Karlie Robles

SUPERIOR COURT OF CALIFORNIA, COUNTY OF VENTURA
STREET ADDRESS: 800 South Victoria Ave
MAILING ADDRESS:
CITY AND ZIP CODE: Ventura, CA 993009
BRANCH NAME: Hall of Justice

**RECEIVED**
VENTURA SUPERIOR COURT
OCT 04 2024

PLAINTIFF/PETITIONER: ADRIAN RIOS
DEFENDANT/RESPONDENT: L3 TECHNOLOGIES, INC.

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| (Check one): [X] UNLIMITED CASE (Amount demanded exceeds $35,000) [ ] LIMITED CASE (Amount demanded is $35,000 or less) | 2024CUWT026014 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: October 21, 2024    Time: 8:30:00 AM    Dept.: 20    Div.:    Room:

Address of court (if different from the address above):

[X] **Notice of Intent to Appear by Telephone, by** (name): Nazo Koulloukian, Esq.

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** (answer one):
   a. [X] This statement is submitted by party (name): Plaintiff ADRIAN RIOS
   b. [ ] This statement is submitted **jointly** by parties (names):

2. **Complaint and cross-complaint** (to be answered by plaintiffs and cross-complainants only)
   a. The complaint was filed on (date): 06/17/2024
   b. [ ] The cross-complaint, if any, was filed on (date):

3. **Service** (to be answered by plaintiffs and cross-complainants only)
   a. [X] All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. [ ] The following parties named in the complaint or cross-complaint
      (1) [ ] have not been served (specify names and explain why not):

      (2) [ ] have been served but have not appeared and have not been dismissed (specify names):

      (3) [ ] have had a default entered against them (specify names):

   c. [ ] The following additional parties may be added (specify names, nature of involvement in case, and date by which they may be served):

4. **Description of case**
   a. Type of case in [X] complaint [ ] cross-complaint    (Describe, including causes of action):
      Discrimination on the Basis of Disability and/or medical condition; harassment; failure to take all steps necessary to stop discrimination and harassment from occurring; retaliation; wrongful termination; intentional infliction of emotional distress; for failure to compensate for all hours worked; failure to pay rest period compensation; failure to furnish accurate wage & hour stmt

Page 1 of 5

| Form Adopted for Mandatory Use Judicial Council of California CM-110 [Rev. January 1, 2024] | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court, rules 3.720–3.730 www.courts.ca.gov |
|---|---|---|

**CM-110**

| PLAINTIFF/PETITIONER:  ADRIAN RIOS | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  L3 TECHNOLOGIES, INC. | 2024CUWT026014 |

4. b. Provide a brief statement of the case, including any damages *(if personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings; if equitable relief is sought, describe the nature of the relief):*
Pltf alleges that he suffered a work related injury and was placed on modified work. When Pltf was released back to full duty he was denied his original position. Def continued to deny Pltf's reinstatement despite Pltf asking over a period of months. Pltf was ultimately wrongfully terminated.

☐  *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**

The party or parties request  ☒ a jury trial  ☐ a nonjury trial.  *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**

a. ☐  The trial has been set for *(date):*

b. ☒  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**

The party or parties estimate that the trial will take *(check one)*

a. ☒  days *(specify number):* 5-7 days

b. ☐  hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*

The party or parties will be represented at trial  ☒ by the attorney or party listed in the caption  ☐ by the following:

a.  Attorney:

b.  Firm:

c.  Address:

d.  Telephone number:                    f.  Fax number:

e.  Email address:                        g.  Party represented:

☐  Additional representation is described in Attachment 8.

9. **Preference**

☐  This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 of the California Rules of Court for information about the processes available through the court and community programs in this case.

(1)  For parties represented by counsel: Counsel ☒ has  ☐ has not  provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2)  For self-represented parties: Party ☐ has ☐ has not  reviewed the ADR information package identified in rule 3.221.

b. **Referral to judicial arbitration or civil action mediation** (if available).

(1) ☐  This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2) ☐  Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3) ☐  This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

| CM-110 [Rev. January 1, 2024] | **CASE MANAGEMENT STATEMENT** | Page 2 of 5 |
|---|---|---|

**CM-110**

| PLAINTIFF/PETITIONER: ADRIAN RIOS | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: L3 TECHNOLOGIES, INC. | 2024CUWT026014 |

10. c. In the table below, indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in (check all that apply and provide the specified information):

| | The party or parties completing this form **are willing** to participate in the following ADR processes (check all that apply): | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes (attach a copy of the parties' ADR stipulation): |
|---|---|---|
| (1) Mediation | [X] | [X] Mediation session not yet scheduled<br>[ ] Mediation session scheduled for (date):<br>[ ] Agreed to complete mediation by (date):<br>[ ] Mediation completed on (date): |
| (2) Settlement conference | [X] | [X] Settlement conference not yet scheduled<br>[ ] Settlement conference scheduled for (date):<br>[ ] Agreed to complete settlement conference by (date):<br>[ ] Settlement conference completed on (date): |
| (3) Neutral evaluation | [ ] | [ ] Neutral evaluation not yet scheduled<br>[ ] Neutral evaluation scheduled for (date):<br>[ ] Agreed to complete neutral evaluation by (date):<br>[ ] Neutral evaluation completed on (date): |
| (4) Nonbinding judicial arbitration | [ ] | [ ] Judicial arbitration not yet scheduled<br>[ ] Judicial arbitration scheduled for (date):<br>[ ] Agreed to complete judicial arbitration by (date):<br>[ ] Judicial arbitration completed on (date): |
| (5) Binding private arbitration | [ ] | [ ] Private arbitration not yet scheduled<br>[ ] Private arbitration scheduled for (date):<br>[ ] Agreed to complete private arbitration by (date):<br>[ ] Private arbitration completed on (date): |
| (6) Other (specify): | [ ] | [ ] ADR session not yet scheduled<br>[ ] ADR session scheduled for (date):<br>[ ] Agreed to complete ADR session by (date):<br>[ ] ADR completed on (date): |

CM-110

| PLAINTIFF/PETITIONER: ADRIAN RIOS | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: L3 TECHNOLOGIES, INC. | 2024CUWT026014 |

**11. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

(1) Name of case:

(2) Name of court:

(3) Case number:

(4) Status:

☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Plaintiff | Written Discovery | Pursuant to Code |
| Plaintiff | Depositions | Pursuant to Code |
| Plaintiff | Subpoenas | Pursuant to Code |
| Plaintiff | Expert Discovery | Pursuant to Code |

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

| CM-110 [Rev. January 1, 2024] | **CASE MANAGEMENT STATEMENT** | Page 4 of 5 |
|---|---|---|

**CM-110**

| PLAINTIFF/PETITIONER: ADRIAN RIOS | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: L3 TECHNOLOGIES, INC. | 2024CUWT026014 |

### 17. Economic litigation

a. ☐ This is a limited civil case (i.e., the amount demanded is $35,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

### 18. Other issues

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

### 19. Meet and confer

a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. ☐ After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: October 3, 2024

Nazo Koulloukian, Esq.
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

## PROOF OF SERVICE

### Case No. 2024CUWT026014
*Rios v. L3 Technologies, Inc, et al.*

I, NADIA CHAVEZ declare that I am a resident of or employed in the County of Los Angeles, California. I am over the age of 18 years and not a party to the entitled case. The name and address of my residence or business is KOUL LAW FIRM, 3435 Wilshire Blvd. Ste. 1710, Los Angeles, California 90010.

On October 3, 2024, I served the foregoing document described as:

## CASE MANAGEMENT STATEMENT

   X          **BY E-MAIL:** I hereby certify that this document was served from Los Angeles, California, by e-mail delivery on the parties listed herein at their most recent known e-mail address from e-mail nadia@koullaw.com pursuant to California Rules of Court. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

on the interested parties in this action by sending [  ] the original [or] [✔] a true copy thereof [✔] to interested parties as follows [or] [  ] as stated on the attached service list:

Alison Tsao, Esq.
Holly Jones, Esq.
**CDF Labor Law LLP**
600 Montgomery Street, Suite 440
San Francisco, CA 94111
atsao@cdflaborlaw.com
hjones@cdflaborlaw.com
scorral@cdflaborlaw.com

     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

     Executed on this October 3, 2024, in Los Angeles, California.

_____
NADIA CHAVEZ

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER: | FOR COURT USE ONLY |
|---|---|---|

NAME: Alison L. Tsao (SBN 198250); Holly Jones (SBN: 328831)

FIRM NAME: CDF Labor Law LLP

STREET ADDRESS: 600 Montgomery St., Suite 440

CITY: San Francisco     STATE: CA     ZIP CODE: 94111

TELEPHONE NO.: (415) 981-3233     FAX NO.:

EMAIL ADDRESS: atsao@cdflaborlaw.com; hjones@cdflaborlaw.com

ATTORNEY FOR *(name):* Defendant L3 Techonologies, Inc.

**FOR COURT USE ONLY**

**Electronically FILED**
by Superior Court of California
County of Ventura
**10/04/2024**
Brenda L. McCormick
Executive Officer and Clerk
Nina Lemos
Nina Lemos
Deputy Clerk

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF VENTURA**

STREET ADDRESS: 800 South Victoria Avenue

MAILING ADDRESS: P.O. Box 6489

CITY AND ZIP CODE: Ventura, CA 93006-6489

BRANCH NAME: VENTURA HALL OF JUSTICE

PLAINTIFF/PETITIONER: ADRIAN RIOS

DEFENDANT/RESPONDENT: L3 TECHNOLOGIES, INC., et al.

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):* [x] **UNLIMITED CASE** (Amount demanded exceeds $35,000)     [ ] **LIMITED CASE** (Amount demanded is $35,000 or less) | 2024CUWT026014 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: October 21, 2024     Time: 8:35:00 AM     Dept.: 20     Div.:     Room:

Address of court *(if different from the address above):*

[x]  **Notice of Intent to Appear by Telephone, by** *(name):* Alison L. Tsao and/or Holly Jones

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. [x] This statement is submitted by party *(name):* Defendant L3 Technologies, Inc.
   b. [ ] This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. [ ] The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. [ ] All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. [ ] The following parties named in the complaint or cross-complaint
      (1) [ ] have not been served *(specify names and explain why not):*

      (2) [ ] have been served but have not appeared and have not been dismissed *(specify names):*

      (3) [ ] have had a default entered against them *(specify names):*

   c. [ ] The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in [x] complaint     [ ] cross-complaint     *(Describe, including causes of action):*
      See attachment 4a

Page 1 of 5

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. January 1, 2024] | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court,<br>rules 3.720–3.730<br>www.courts.ca.gov |
|---|---|---|

Ventura Superior Court Accepted through eDelivery submitted 10-04-2024 at 11:19:00 AM

CM-110

| PLAINTIFF/PETITIONER: ADRIAN RIOS | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: L3 TECHNOLOGIES, INC., et al. | 2024CUWT026014 |

4.   b.   Provide a brief statement of the case, including any damages *(if personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings; if equitable relief is sought, describe the nature of the relief):*
Defendant L3 Technologies, Inc. denies all of the allegations in the Complaint.  Defendant further asserts that it terminated Plaintiff's employment for legitimate business reasons, i.e., because it substantiated a workplace complaint made by another employee against Plaintiff.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.   **Jury or nonjury trial**

The party or parties request   ☒ a jury trial   ☐ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6.   **Trial date**

a.   ☐   The trial has been set for  *(date):*

b.   ☒   No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.   **Estimated length of trial**

The party or parties estimate that the trial will take *(check one)*

a.   ☒   days *(specify number):* 5 - 7

b.   ☐   hours (short causes) *(specify):*

8.   **Trial representation** *(to be answered for each party)*

The party or parties will be represented at trial   ☒ by the attorney or party listed in the caption   ☐ by the following:

a.   Attorney:

b.   Firm:

c.   Address:

d.   Telephone number:          f.   Fax number:

e.   Email address:          g.   Party represented:

☐   Additional representation is described in Attachment 8.

9.   **Preference**

☐   This case is entitled to preference *(specify code section):*

10.   **Alternative dispute resolution (ADR)**

a.   **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 of the California Rules of Court for information about the processes available through the court and community programs in this case.

(1)   For parties represented by counsel: Counsel   ☒ has   ☐ has not  provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2)   For self-represented parties: Party   ☐ has   ☐ has not  reviewed the ADR information package identified in rule 3.221.

b.   **Referral to judicial arbitration or civil action mediation** (if available).

(1)   ☐   This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2)   ☐   Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3)   ☐   This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

**CM-110**

| PLAINTIFF/PETITIONER: ADRIAN RIOS | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: L3 TECHNOLOGIES, INC., et al. | 2024CUWT026014 |

10. c.  In the table below, indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

CM-110

| PLAINTIFF/PETITIONER:  ADRIAN RIOS | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  L3 TECHNOLOGIES, INC., et al. | 2024CUWT026014 |

## 11. Insurance

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

## 12. Jurisdiction

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

## 13. Related cases, consolidation, and coordination

a. ☐ There are companion, underlying, or related cases.

(1) Name of case:

(2) Name of court:

(3) Case number:

(4) Status:

☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

## 14. Bifurcation

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

## 15. Other motions

☒ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*
Defendant reserves the right to file a motion for summary judgment and/or summary adjudication

## 16. Discovery

a. ☐ The party or parties have completed all discovery.

b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Defendant | Written Discovery | Per Code |
| Defendant | Depositions | Per Code |
| Defendant | Third Party Subpoenas | Per Code |
| Defendant | Expert Discovery | Per Code |

c. ☒ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*
Defendant intends to seek Plaintiff's personal cell phone records/text messages/chats/social media postings between him and the employee who made an HR complaint against him, which ultimately led to his termination.

CM-110 [Rev. January 1, 2024]  **CASE MANAGEMENT STATEMENT**  **Page 4 of 5**

**CM-110**

| PLAINTIFF/PETITIONER:  ADRIAN RIOS | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  L3 TECHNOLOGIES, INC., et al. | 2024CUWT026014 |

17. **Economic litigation**

    a. ☐ This is a limited civil case (i.e., the amount demanded is $35,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

    b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

18. **Other issues**

    ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

19. **Meet and confer**

    a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

    b. ☐ After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):*  1

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:  October 4, 2024

Alison L. Tsao
_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF PARTY OR ATTORNEY)

Holly Jones
_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

**MC-025**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Rios, Adrian v. L3 Technologies, Inc., et al. | 2024CUWT026014 |

**ATTACHMENT** *(Number):* 4a

*(This Attachment may be used with any Judicial Council form.)*

Single plaintiff complaint alleging claims for (1) discrimination on the basis of disability and/or medical condition in violation of FEHA; (2) harassment on the basis of disability and/or medical condition in violation of FEHA; (3) failure to take all reasonable steps necessary to prevent discrimination and harassment from occurring in violation of FEHA; (4) retaliation in violation of FEHA; (5) wrongful termination in violation of public policy; (6) intentional infliction of emotional distress; (7) failure to compensate for all hours worked; (8) failure to pay rest period compensation; (9) failure to furnish accurate wage statements; (10) failure to maintain payroll records; (11) failure to reimburse for necessary business expenses.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

**Page** 1 **of** 1

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT**
**to Judicial Council Form**

*www.courtinfo.ca.gov*

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO.

I, the undersigned, declare that I am employed in the aforesaid County, State of California. I am over the age of 18 and not a party to the within action. My business address is 600 Montgomery Street, Suite 440, San Francisco, CA 94111. On October 4, 2024, I served upon the interested party(ies) in this action the following document described as:

**CASE MANAGEMENT STATEMENT**

By the following method:

Nazo Koulloukian
Amir Mahdavi-Pour
Nadia Chavez Martinez
Patil Derderian
KOUL LAW FIRM
3435 Wilshire Blvd., Suite 1710
Los Angeles CA 90010
Telephone: (213) 761-5484

FAX: (818) 561-3938
E-MAIL: nazo@koullaw.com;
amir@koullaw.com

For processing by the following method:

[X] **(Electronic service)** Pursuant to CCP 1010.6, I caused the documents to be sent to the persons at the electronic service addresses listed above. For represented parties, I confirmed the appropriate electronic service address for the counsel being served. For unrepresented parties, if any, the unrepresented party(ies) have expressly consented to electronic service.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 4, 2024, at San Francisco, California.

| | |
|---|---|
| Shantal Corral | |
| (Type or print name) | (Signature) |

3                                    CASE MANAGEMENT STATEMENT

CDF LABOR LAW LLP

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF VENTURA

Superior Court of California, County of Ventura, Hall of Justice, Department 20

**2024CUWT026014**                                              October 21, 2024
**ADRIAN RIOS vs L3HARRIS TECHNOLOGIES, INC., et al.**              8:35 AM

Judge: Honorable Matthew P. Guasco
Judicial Assistant: Miriam Hernandez
CSR: None

---

APPEARANCES:

Amir Mandari-Pour, counsel, present for Plaintiff(s) telephonically.

Holly Jones, counsel, present for Defendant(s) remotely via video.

---

**NATURE OF PROCEEDINGS:** MANDATORY APPEARANCE CMC/Order to Show Cause Re Sanctions/Dismissal for Failure to File Proof of Service/Default

9:10 a.m. Court convenes in this matter.

Court Proceedings were conducted using Zoom video conferencing.

Court proceedings were conducted using CourtCall.

The Court accepts counsel Mandavi-Pour's representation that a substitution of attorney was submitted for filing to substitute him as counsel of record for plaintiff.

The Court read the parties' Case Management Statement.

Case is not at issue.

Defendant Donald Parker has not been served (no proof of service filed).

The Court finds/orders:

Case Management Conference is scheduled for 01/23/2025 at 08:30 AM in Department 20.

Order to Show Cause re: Filing of POS/Answer as to Defendant Donald Parker is scheduled for 01/23/2025 at 08:30 AM in Department 20 at Hall of Justice.

Parties are authorized to appear by Zoom, CourtCall, or in-person and may refer to the court's website at www.ventura.courts.ca.gov/Courtroom/C20 for additional information.

Updated Case Management Statements are due 15 days prior to the hearing per statute.

---

**2024CUWT026014**                          **ADRIAN RIOS vs L3HARRIS TECHNOLOGIES, INC., et al.**

Any responsive declaration(s) to the OSC updating the Court with the filing status of proof(s) of service or answer(s) shall be filed by no later than 5 court days prior to the hearing.

Notice to be given by counsel for plaintiff.

Electronically
**FILED**
by Superior Court of California
County of Ventura
11/19/2024
Brenda L. McCormick
Executive Officer and Clerk
Karlie Robles
Karlie Robles
Deputy Clerk

CDF LABOR LAW LLP
    Alison L. Tsao, State Bar No. 198250
    atsao@cdflaborlaw.com
    Holly Jones, State Bar No. 328831
    hjones@cdflaborlaw.com
600 Montgomery Street, Suite 440
San Francisco, CA 94111
Telephone:  (415) 981-3233

Attorneys for Defendants
L3 TECHNOLOGIES, INC.

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF VENTURA**

| | |
|---|---|
| ADRIAN RIOS, an individual, | Case No. 2024CUWT026014 |
| Plaintiff, | Assigned for All Purposes To: |
| vs. | Judge: Matthew P. Guasco |
| | Dept:    20 |
| L3 TECHNOLOGIES, INC., a Delaware Corporation; DONALD PARKER, an individual; and DOES 1 through 100, inclusive, | **NOTICE OF FIRM ADDRESS CHANGE** |
| | Action Filed:    June 17, 2024 |
| Defendants. | |

NOTICE OF FIRM ADDRESS CHANGE

CDF LABOR LAW LLP

4868-8169-8284.1

Ventura Superior Court Accepted through eDelivery submitted 11-19-2024 at 12:43:00 PM

**TO ALL PARTIES:**

PLEASE TAKE NOTICE that effective November 25, 2024 the law firm CDF LABOR LAW LLP has relocated, our new address is as follows:

601 Montgomery St, Suite 333
San Francisco, CA 94111
Telephone:  (415) 981-3233

Dated:  November 19, 2024          CDF LABOR LAW LLP


By:  _____
                    Alison L. Tsao
          Attorneys for Defendants
          L3 TECHNOLOGIES, INC. AND DONALD PARKER

2                    NOTICE OF FIRM ADDRESS CHANGE

4868-8169-8284.1

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO.

I, the undersigned, declare that I am employed in the aforesaid County, State of California. I am over the age of 18 and not a party to the within action. My business address is 600 Montgomery Street, Suite 440, San Francisco, CA 94111. On November 19, 2024, I served upon the interested party(ies) in this action the following document described as:

**NOTICE OF FIRM ADDRESS CHANGE**

By the following method:

Nazo Koulloukian
Amir Mahdavi-Pour
Nadia Chavez Martinez
Patil Derderian
KOUL LAW FIRM
3435 Wilshire Blvd., Suite 1710
Los Angeles CA 90010
Telephone: (213) 761-5484

FAX: (818) 561-3938
E-MAIL: nazo@koullaw.com;
amir@koullaw.com;
patil@koullaw.com;
nathalie@koullaw.com;
nadia@koullaw.com

For processing by the following method:

[X]    **(Electronic service)** Pursuant to CCP 1010.6, I caused the documents to be sent to the persons at the electronic service addresses listed above. For represented parties, I confirmed the appropriate electronic service address for the counsel being served. For unrepresented parties, if any, the unrepresented party(ies) have expressly consented to electronic service.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 19, 2024, at San Francisco, California.

| Shantal Corral | |
|---|---|
| (Type or print name) | (Signature) |

CDF Labor Law LLP

4868-8169-8284.1

3                                    NOTICE OF FIRM ADDRESS CHANGE

Nazo Koulloukian, Esq. [SBN 263809]
  nazo@koullaw.com
Amir M. Mahdavi-Pour, Esq. [SBN 320999]
  amir@koullaw.com
**KOUL LAW FIRM**
217 South Kenwood Street
Glendale, CA 91205
Telephone: (213) 761-5484
Fax: (818) 561-3938

Attorneys for Plaintiff,
ADRIAN RIOS

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF VENTURA

| | |
|---|---|
| ADRIAN RIOS, *an individual,*<br><br>     Plaintiff,<br><br>vs.<br><br>L3HARRIS TECHNOLOGIES, INC., *a Delaware Corporation;* DONALD PARKER, *an individual*; and DOES 1 through 100, inclusive,<br><br>     Defendant. | Case No.: 2024CUWT026014<br><br>**NOTICE OF FIRM ADDRESS CHANGE**<br><br>Action Filed: June 17, 2024<br>Trial Date: |

- 1 –
NOTICE OF FIRM ADDRESS CHANGE

TO ALL PARTIES, THEIR ATTORNEYS OF RECORD AND THE CLERK:

PLEASE TAKE NOTICE that effective January 2, 2025, the law firm KOUL LAW FIRM, APC has relocated, our new address is as follows:

217 South Kenwood Street
Glendale, CA 91205
(213) 325-3023

DATED:  December 23, 2024                    **KOUL LAW FIRM, APC**

_____
Nazo Koulloukian, Esq.
Attorneys for Plaintiff,
ADRIAN RIOS

---

- 2 –
NOTICE OF FIRM ADDRESS CHANGE

## PROOF OF SERVICE

**Case No. 2024CUWT026014**
*Rios v. L3 Technologies, Inc, et al.*

I, NADIA CHAVEZ declare that I am a resident of or employed in the County of Los Angeles, California. I am over the age of 18 years and not a party to the entitled case. The name and address of my residence or business is KOUL LAW FIRM, 3435 Wilshire Blvd. Ste. 1710, Los Angeles, California 90010.

On December 23, 2024, I served the foregoing document described as:

**NOTICE OF FIRM ADDRESS CHANGE**

  __X__       **BY E-MAIL:** I hereby certify that this document was served from Los Angeles, California, by e-mail delivery on the parties listed herein at their most recent known e-mail address from e-mail nadia@koullaw.com pursuant to California Rules of Court. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

on the interested parties in this action by sending [   ] the original [or] [✔] a true copy thereof [✔] to interested parties as follows [or] [   ] as stated on the attached service list:

Alison Tsao, Esq.
Holly Jones, Esq.
**CDF Labor Law LLP**
600 Montgomery Street, Suite 440
San Francisco, CA 94111
atsao@cdflaborlaw.com
hjones@cdflaborlaw.com
scorral@cdflaborlaw.com

*Attorneys for Defendant L3 Technologies, Inc.*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on this December 23, 2024, in Los Angeles, California.

_____
NADIA CHAVEZ

**CM-110**

| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER: | FOR COURT USE ONLY |
|---|---|---|

NAME: Alison L. Tsao (SBN 198250); Holly Jones (328831)
FIRM NAME: CDF Labor Law LLP
STREET ADDRESS: 601 Montgomery Street, Suite 333
CITY: San Francisco       STATE: CA  ZIP CODE: 94111
TELEPHONE NO.: (415)981-3233     FAX NO.:
EMAIL ADDRESS: atsao@cdflaborlaw.com; hjones@cdflaborlaw.com
ATTORNEY FOR *(name)*: Defendant L3 Techonologies, Inc.

**ELECTRONICALLY FILED**
Superior Court of California
County of Ventura
01/07/2025

Brenda L. McCormick
Executive Officer and Clerk

By: _____ Deputy Clerk
Nina Lemos

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF VENTURA**
STREET ADDRESS: 800 South Victoria Avenue
MAILING ADDRESS: P.O. Box 6489
CITY AND ZIP CODE: Ventura, CA 93006-6489
BRANCH NAME: VENTURA HALL OF JUSTICE

PLAINTIFF/PETITIONER: ADRIAN RIOS

DEFENDANT/RESPONDENT: L3 TECHNOLOGIES, INC.

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):* ☒ **UNLIMITED CASE** (Amount demanded exceeds $35,000)  ☐ **LIMITED CASE** (Amount demanded is $35,000 or less) | 2024CUWT026014 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: January 23, 2025     Time: 8:30 a.m.     Dept.: 20     Div.:     Room:

Address of court *(if different from the address above)*:

☒  **Notice of Intent to Appear by Telephone, by *(name)*:** Alison L. Tsao and/or Holly Jones

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*

   a. ☒  This statement is submitted by party *(name):* Defendant L3 Technologies, Inc.

   b. ☐  This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*

   a. The complaint was filed on *(date):*

   b. ☐  The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*

   a. ☐  All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.

   b. ☐  The following parties named in the complaint or cross-complaint

      (1) ☐  have not been served *(specify names and explain why not):*

      (2) ☐  have been served but have not appeared and have not been dismissed *(specify names):*

      (3) ☐  have had a default entered against them *(specify names):*

   c. ☐  The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**

   a. Type of case in  ☒ complaint  ☐ cross-complaint     *(Describe, including causes of action):*
   See attachment 4a

**Page 1 of 5**

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2024]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

Ventura Superior Court transmitted through eFiling 01/07/2025 02:53:15 PM

**CM-110**

| PLAINTIFF/PETITIONER: ADRIAN RIOS | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: L3 TECHNOLOGIES, INC | 2024CUWT026014 |

4. b. Provide a brief statement of the case, including any damages *(if personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings; if equitable relief is sought, describe the nature of the relief):*

Defendant L3 Technologies, Inc. denies all of the allegations in the Complaint. Defendant further asserts that it terminated Plaintiff's employment for legitimate business reasons, i.e., because it substantiated a workplace complaint made by another employee against Plaintiff.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**

The party or parties request ☒ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**

a. ☐ The trial has been set *for (date):*

b. ☒ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**

The party or parties estimate that the trial will take *(check one)*

a. ☒ days *(specify number):* 7-10

b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*

The party or parties will be represented at trial ☒ by the attorney or party listed in the caption ☐ by the following:

a. Attorney:

b. Firm:

c. Address:

d. Telephone number:          f. Fax number:

e. Email address:            g. Party represented:

☐ Additional representation is described in Attachment 8.

9. **Preference**

☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 of the California Rules of Court for information about the processes available through the court and community programs in this case.

(1) For parties represented by counsel: Counsel ☒ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.

b. **Referral to judicial arbitration or civil action mediation** (if available).

(1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1 775 et seq. *(specify exemption):*

**CM-110**

| PLAINTIFF/PETITIONER: ADRIAN RIOS | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: L3 TECHNOLOGIES, INC | 2024CUWT026014 |

10. c.   In the table below, indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date):*<br>☐ Agreed to complete mediation by *(date):*<br>☐ Mediation completed on *(date):* |
| (2) Settlement conference | ☒ | ☒ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for*(date):*<br>☐ Agreed to complete settlement conference by *(date):*<br>☐ Settlement conference completed on *(date):* |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date):*<br>☐ Agreed to complete neutral evaluation by *(date):*<br>☐ Neutral evaluation completed on *(date):* |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date):*<br>☐ Agreed to complete judicial arbitration by *(date):*<br>☐ Judicial arbitration completed on *(date):* |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date):*<br>☐ Agreed to complete private arbitration by *(date):*<br>☐ Private arbitration completed on *(date):* |
| (6) Other *(specify):* | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date):*<br>☐ Agreed to complete ADR session by *(date):*<br>☐ ADR completed on *(date):* |

CM-110 [Rev. January 1, 2024] | **CASE MANAGEMENT STATEMENT** | **Page 3 of 5**

**CM-110**

| PLAINTIFF/PETITIONER: ADRIAN RIOS | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: L3 TECHNOLOGIES, INC | 2024CUWT026014 |

11. **Insurance**

a. ☐  Insurance carrier, if any, for party filing this statement *(name):*

b.  Reservation of rights:  ☐ Yes   ☐ No

c. ☐  Coverage issues will significantly affect resolution of this case *(explain):*

12. **Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐  Bankruptcy    ☐ Other *(specify):*

Status:

13. **Related cases, consolidation, and coordination**

a. ☐  There are companion, underlying, or related cases.
   (1)  Name of case:
   (2)  Name of court:
   (3)  Case number:
   (4)  Status:
   ☐  Additional cases are described in Attachment 13a.

b. ☐  A motion to    ☐ consolidate    ☐ coordinate    will be filed by *(name party):*

14. **Bifurcation**

☐  The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

15. **Other motions**

☒  The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*
Defendant reserves the right to file a motion for summary judgment and/or summary adjudication.

16. **Discovery**

a. ☐  The party or parties have completed all discovery.

b. ☒  The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Defendant | Written Discovery | Per Code |
| Defendant | Depositions | Per Code |
| Defendant | Third Party Subpoenas | Per Code |
| Defendant | Expert Discovery | Per Code |

c. ☒  The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*
Defendant intends to seek Plaintiff's personal cell phone records/text messages/chats/social media postings between him and the employee who made an HR complaint against him, which ultimately led to his termination.

---

CM-110 [Rev. January 1, 2024]    **CASE MANAGEMENT STATEMENT**    **Page 4 of 5**

**CM-110**

| PLAINTIFF/PETITIONER: ADRIAN RIOS | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: L3 TECHNOLOGIES, INC | 2024CUWT026014 |

17. **Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $35,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

18. **Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

19. **Meet and confer**

a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. ☐ After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* 1

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: January 07, 2025

| Alison L. Tsao | ► | |
|---|---|---|
| (TYPE OR PRINT NAME) | | (SIGNATURE OF PARTY OR ATTORNEY) |

| Holly Jones | ► | |
|---|---|---|
| (TYPE OR PRINT NAME) | | (SIGNATURE OF PARTY OR ATTORNEY) |

☐ Additional signatures are attached.

CM-110 [Rev. January 1, 2024]     **CASE MANAGEMENT STATEMENT**     **Page 5 of 5**

**MC-025**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Rios, Adrian v. L3 Technologies, Inc., et al. | 2024CUWT026014 |

**ATTACHMENT** *(Number):*  4a

*(This Attachment may be used with any Judicial Council form.)*

Single plaintiff complaint alleging claims for (1) discrimination on the basis of disability and/or medical condition in violation of FEHA; (2) harassment on the basis of disability and/or medical condition in violation of FEHA; (3) failure to take all reasonable steps necessary to prevent discrimination and harassment from occurring in violation of FEHA; (4) retaliation in violation of FEHA; (5) wrongful termination in violation of public policy; (6) intentional infliction of emotional distress; (7) failure to compensate for all hours worked; (8) failure to pay rest period compensation; (9) failure to furnish accurate wage statements; (10) failure to maintain payroll records; (11) failure to reimburse for necessary business expenses.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page  1  of  1

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT**
**to Judicial Council Form**

*www.courtinfo.ca.gov*

## **PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO.

I, the undersigned, declare that I am employed in the aforesaid County, State of California. I am over the age of 18 and not a party to the within action.  My business address is 601 Montgomery Street, Suite 333, San Francisco, CA 94111.  On January 7, 2025, I served upon the interested party(ies) in this action the following document described as:

### **CASE MANAGEMENT STATEMENT**

By the following method:

Nazo Koulloukian
Amir Mahdavi-Pour
Nadia Chavez Martinez
Patil Derderian
KOUL LAW FIRM, APC
217 South Kenwood Street
Glendale, CA 91205
Telephone: (213) 325-3023


FAX: (818) 561-3938
E-MAIL: nazo@koullaw.com;
amir@koullaw.com;
patil@koullaw.com;
nathalie@koullaw.com;
nadia@koullaw.com

For processing by the following method:

[X]  **(Electronic service)**  Pursuant to CCP 1010.6, I caused the documents to be sent to the persons at the electronic service addresses listed above.  For represented parties, I confirmed the appropriate electronic service address for the counsel being served.  For unrepresented parties, if any, the unrepresented party(ies) have expressly consented to electronic service.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 7, 2025, at San Francisco, California.

| Shantal Corral | |
| --- | --- |
| (Type or print name) | (Signature) |

MASTER CAPTION & POS

CDF Labor Law LLP

4887-4302-0241.1

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF VENTURA**<br>**Branch Name:** Juvenile Courthouse<br>**Mailing Address:** 800 South Victoria Avenue<br>**City, State and Zip Code:** Ventura CA 93009 | |

| | |
|---|---|
| **SHORT TITLE:** ADRIAN RIOS vs L3HARRIS TECHNOLOGIES, INC., et al.<br><br>**NOTICE OF CONFIRMATION OF ELECTRONIC FILING** | **CASE NUMBER:**<br>2024CUWT026014 |

The Electronic Filing described by the below summary data was reviewed and accepted by the Superior Court of California, County of VENTURA. In order to process the filing, the fee shown was assessed.

**Electronic Filing Summary Data**

Electronically Submitted By:  One Legal
Reference Number: 24456127
Submission Number: 25VN00005483
Court Received Date: 01/07/2025
Court Received Time: 2:53 pm
Case Number: 2024CUWT026014
Case Title: ADRIAN RIOS vs L3HARRIS TECHNOLOGIES, INC., et al.
Location: Juvenile Courthouse
Case Type: Civil Unlimited
Case Category: Wrongful Termination
Jurisdictional Amount:
Notice Generated Date: 01/07/2025
Notice Generated Time: 3:30 pm

| **Documents Electronically Filed/Received** | **Status** |
|---|---|
| Case Management Statement | Accepted |

**Comments**
Submitter's Comments: Please accept Defendant's Case Management Statement for filing. Thank you.

Clerk's Comments:

**Electronic Filing Service Provider Information**
Service Provider: One Legal
Contact: One Legal
Phone:

---

**NOTICE OF CONFIRMATION OF FILING**

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER: | *FOR COURT USE ONLY* |
|---|---|---|
| NAME: Nazo Koulloukian, Esq. (SBN 263809) | | |

FIRM NAME: Koul Law Firm, APC
STREET ADDRESS: 217 South Kenwood Street
CITY: Glendale          STATE: CA      ZIP CODE: 91205
TELEPHONE NO.: (2131) 325-3023      FAX NO.: (818) 561-3938
EMAIL ADDRESS: nazo@koullaw.com
ATTORNEY FOR (name): Plaintiff ADRIAN RIOS

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF VENTURA**
STREET ADDRESS: 800 South Victoria Ave
MAILING ADDRESS:
CITY AND ZIP CODE: Ventura, CA 993009
BRANCH NAME: Hall of Justice

PLAINTIFF/PETITIONER: ADRIAN RIOS
DEFENDANT/RESPONDENT: L3 TECHNOLOGIES, INC.

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):*   [X] **UNLIMITED CASE**   [ ] **LIMITED CASE** | 2024CUWT026014 |
| (Amount demanded exceeds $35,000)   (Amount demanded is $35,000 or less) | |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: January 23, 2025          Time: 8:30:00 AM      Dept.: 20          Div.:          Room:

Address of court *(if different from the address above):*

[X]   **Notice of Intent to Appear by Telephone, by** *(name):* Nazo Koulloukian, Esq.

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. [X] This statement is submitted by party *(name):* Plaintiff ADRIAN RIOS
   b. [ ] This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):* 06/17/2024
   b. [ ] The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. [X] All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. [ ] The following parties named in the complaint or cross-complaint
      (1) [ ] have not been served *(specify names and explain why not):*

      (2) [ ] have been served but have not appeared and have not been dismissed *(specify names):*

      (3) [ ] have had a default entered against them *(specify names):*

   c. [ ] The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in  [X] complaint   [ ] cross-complaint     *(Describe, including causes of action):*
   Discrimination on the Basis of Disability and/or medical condition; harassment; failure to take all steps necessary to stop discrimination and harassment from occurring; retaliation; wrongful termination; intentional infliction of emotional distress; for failure to compensate for all hours worked; failure to pay rest period compensation; failure to furnish accurate wage & hour stmt

**Page 1 of 5**

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. January 1, 2024] | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court,<br>rules 3.720–3.730<br>www.courts.ca.gov |
|---|---|---|

**CM-110**

| | |
|---|---|
| PLAINTIFF/PETITIONER: ADRIAN RIOS<br>DEFENDANT/RESPONDENT: L3 TECHNOLOGIES, INC. | CASE NUMBER:<br>2024CUWT026014 |

4.  b.  Provide a brief statement of the case, including any damages *(if personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings; if equitable relief is sought, describe the nature of the relief):*
   Pltf alleges that he suffered a work related injury and was placed on modified work. When Pltf was released back to full duty he was denied his original position. Def continued to deny Pltf's reinstatement despite Pltf asking over a period of months. Pltf was ultimately wrongfully terminated.

   ☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
   The party or parties request  ☒ a jury trial  ☐ a nonjury trial.  *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
   a.  ☐ The trial has been set for *(date):*
   b.  ☒ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

   c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
   The party or parties estimate that the trial will take *(check one)*
   a.  ☒ days *(specify number):* 5-7 days
   b.  ☐ hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
   The party or parties will be represented at trial  ☒ by the attorney or party listed in the caption  ☐ by the following:
   a.  Attorney:
   b.  Firm:
   c.  Address:
   d.  Telephone number:                    f.  Fax number:
   e.  Email address:                       g.  Party represented:
   ☐ Additional representation is described in Attachment 8.

9.  **Preference**
   ☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
   a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 of the California Rules of Court for information about the processes available through the court and community programs in this case.
      (1)  For parties represented by counsel: Counsel ☒ has  ☐ has not  provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
      (2)  For self-represented parties: Party ☐ has  ☐ has not  reviewed the ADR information package identified in rule 3.221.
   b.  **Referral to judicial arbitration or civil action mediation** (if available).
      (1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
      (2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
      (3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

CM-110

| PLAINTIFF/PETITIONER:  ADRIAN RIOS | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  L3 TECHNOLOGIES, INC. | 2024CUWT026014 |

10. c.  In the table below, indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☒ | ☒ Mediation session not yet scheduled<br>☐ Mediation session scheduled for  *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☒ | ☒ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for  *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for  *(date)*:<br>☐ Agreed to complete judicial arbitration by  *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for  *(date)*:<br>☐ Agreed to complete private arbitration by  *(date)*:<br>☐ Private arbitration completed on  *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for  *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on  *(date)*: |

CM-110

| PLAINTIFF/PETITIONER:  ADRIAN RIOS | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  L3 TECHNOLOGIES, INC. | 2024CUWT026014 |

## 11. Insurance

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

## 12. Jurisdiction

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

## 13. Related cases, consolidation, and coordination

a. ☐ There are companion, underlying, or related cases.

(1) Name of case:

(2) Name of court:

(3) Case number:

(4) Status:

☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

## 14. Bifurcation

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

## 15. Other motions

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

## 16. Discovery

a. ☐ The party or parties have completed all discovery.

b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Plaintiff | Written Discovery | Pursuant to Code |
| Plaintiff | Depositions | Pursuant to Code |
| Plaintiff | Subpoenas | Pursuant to Code |
| Plaintiff | Expert Discovery | Pursuant to Code |

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**CM-110**

| PLAINTIFF/PETITIONER:  ADRIAN RIOS | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  L3 TECHNOLOGIES, INC. | 2024CUWT026014 |

17. **Economic litigation**

    a. ☐ This is a limited civil case (i.e., the amount demanded is $35,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

    b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

18. **Other issues**

    ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

19. **Meet and confer**

    a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

    b. ☐ After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:  January 16, 2025

| Nazo Koulloukian, Esq. | ► | _signature_ |
|---|---|---|
| (TYPE OR PRINT NAME) | | (SIGNATURE OF PARTY OR ATTORNEY) |

| _____ | ► | _____ |
|---|---|---|
| (TYPE OR PRINT NAME) | | (SIGNATURE OF PARTY OR ATTORNEY) |

    ☐ Additional signatures are attached.

CM-110 [Rev. January 1, 2024]      **CASE MANAGEMENT STATEMENT**      **Page 5 of 5**

## PROOF OF SERVICE

**Case No. 2024CUWT026014**
*Rios v. L3 Technologies, Inc, et al.*

I, NADIA CHAVEZ declare that I am a resident of or employed in the County of Los Angeles, California. I am over the age of 18 years and not a party to the entitled case. The name and address of my residence or business is KOUL LAW FIRM, 217 S. Kenwood St., Glendale, California 91205.

On January 16, 2025, I served the foregoing document described as:

## CASE MANAGEMENT STATEMENT

  X            **BY E-MAIL:** I hereby certify that this document was served from Los Angeles, California, by e-mail delivery on the parties listed herein at their most recent known e-mail address from e-mail nadia@koullaw.com pursuant to California Rules of Court. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

on the interested parties in this action by sending [  ] the original [or] [✔] a true copy thereof [✔] to interested parties as follows [or] [  ] as stated on the attached service list:

Alison Tsao, Esq.
Holly Jones, Esq.
**CDF Labor Law LLP**
600 Montgomery Street, Suite 440
San Francisco, CA 94111
atsao@cdflaborlaw.com
hjones@cdflaborlaw.com
scorral@cdflaborlaw.com

*Attorneys for Defendant L3 Technologies, Inc.*

     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

     Executed on this January 16, 2025, in Glendale, California.


_____
NADIA CHAVEZ

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF VENTURA

Superior Court of California, County of Ventura, Hall of Justice, Department 20

**2024CUWT026014**                                                January 23, 2025
**ADRIAN RIOS vs L3HARRIS TECHNOLOGIES, INC., et al.**                      8:30 AM

Judge: Honorable Maureen M Houska
Judicial Assistant: Isabel Cabural
CSR: None

---

APPEARANCES:

Naeiri Youssefian appearing on behalf of Nazo Leon Koulloukian, present for Plaintiff(s) telephonically.

Alison Le Tsao, counsel, present for Defendant(s) remotely via video.

---

**NATURE OF PROCEEDINGS:** Case Management Conference

**NATURE OF PROCEEDINGS:** Order to Show Cause re: Filing of POS/Answer as to Defendant Donald Parker

8:45 a.m. Court convenes in this matter.

Court proceedings were conducted using CourtCall.

Court Proceedings were conducted using Zoom video conferencing.

The Court and counsel discuss how L3 Technolgies was named on the complaint versus how they answered the complaint.

Ms. Tsao represents an Amendment to Complaint was filed on 08/09/2024 correcting the Defendant's name to L3 Technologies Inc.

The Court and counsel discuss the status of service as to Defendant Donald Parker.

Ms. Youssefian represents Plaintiff has not been able to serve Donald Parker and requests a continuance.

The Court determines the case is not at issue.

The Court finds/orders:

The Case Management Conference scheduled for 01/23/2025 is continued to 04/23/2025 at 08:35 AM in Department 20.

Parties are ordered to meet and confer thirty (30) days in advance of the hearing.

---

**2024CUWT026014**                    **ADRIAN RIOS vs L3HARRIS TECHNOLOGIES, INC., et al.**

Parties are to be prepared to discuss ADR at the next hearing.

Case Management Statements are due 15 days prior to the hearing per statute.

Order to Show Cause re: Imposition of Monetary Sanctions against Plaintiff's counsel for Failure to File Proof of Service as to Parker is scheduled for 04/23/2025 at 08:35 AM in Department 20 at Hall of Justice.

Any responsive declarations to the OSC shall be filed by <u>no later</u> than 5 court days prior to the hearing.

Notice is waived.

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| Koul Law Firm<br>Nazo Koulloukian, Esq. SBN 263809<br>3435 Wilshire Blvd Suite 1710<br>Los Angeles, CA 90010<br>TELEPHONE NO:          FAX NO *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:  nazo@koullaw.com<br>ATTORNEY FOR *(Name)*:  Plaintiff | **ELECTRONICALLY FILED**<br>Superior Court of California<br>County of Ventura<br>02/28/2025<br>Brenda L. McCormick<br>Executive Officer and Clerk<br>By: _____ Deputy Clerk<br>Rachel Jacobs |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Ventura |
|---|
| STREET ADDRESS:   800 S. Victoria Avenue |
| MAILING ADDRESS: |
| CITY AND ZIP CODE:   Ventura, 93009-0001 |
| BRANCH NAME:   Ventura |

| PLAINTIFF / PETITIONER:   Adrian Rios<br>DEFENDANT / RESPONDENT:   L3Harris Technologies, Inc., et al. | CASE NUMBER:<br>2024CUWT026014 |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>12760703 (24770202) |

*(Separate proof of service is required for each party served.)*

1.  At the time of service I was at least 18 years of age and not a party to this action.
2.  I served copies of:
    a.  [X]  Summons
    b.  [X]  Complaint
    c.  [X]  Alternative Dispute Resolution (ADR) Package
    d.  [X]  Civil Case Cover Sheet *(served in complex cases only)*
    e.  [ ]  Cross-Complaint
    f.  [X]  Other *(specify documents)*:    Amendment to Complaint, Stipulation to Use of Alternative Dispute Resolution
3.  a.  Party served *(specify name of party as shown on documents served)*:
        Donald Parker, an individual
    b.  [ ]  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:

4.  Address where the party was served:
    200 W Los Angeles Ave, Simi Valley, CA 93065
5.  I served the party *(check proper box)*
    a.  [X]  **by personal service**. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*:   Wed, Feb 26 2025          (2) at *(time)*:   01:43 PM
    b.  [ ]  **by substituted service**. On *(date)*:          at *(time)*:          I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

        (1)  [ ]  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
        (2)  [ ]  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
        (3)  [ ]  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
        (4)  [ ]  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:          from *(city)*:          or [ ] a declaration of mailing is attached.
        (5)  [ ]  I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | PROOF OF SERVICE OF SUMMONS | Page 1 of 2<br>Code of Civil Procedure, § 417.10 |
|---|---|---|

Ventura Superior Court transmitted through eFiling 02/28/2025 12:43:56 PM

| PLAINTIFF / PETITIONER:    Adrian Rios | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT:    L3Harris Technologies, Inc., et al. | 2024CUWT026014 |

5. c. ☐ **by mail and acknowledgment of receipt of service**. I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1)  on *(date)*:          (2)  from *(city)*:

    (3)  ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4)  ☐  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d.  ☐  **by other means** *(specify means of service and authorizing code section)*:

    ☐  Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

  a.  ☒  as an individual defendant.

  b.  ☐  as the person sued under the fictitious name of *(specify)*:

  c.  ☐  as occupant.

  d.  ☐  On behalf of *(specify)*:

    under the following Code of Civil Procedure section:

    ☐  416.10 (corporation)        ☐  415.95 (business organization, form unknown)

    ☐  416.20 (defunct corporation)        ☐  416.60 (minor)

    ☐  416.30 (joint stock company/association)      ☐  416.70 (ward or conservatee)

    ☐  416.40 (association or partnership)       ☐  416.90 (authorized person)

    ☐  416.50 (public entity)          ☐  415.46 (occupant)

    ☐  other:

7. **Person who served papers**

  a.  Name:          Sandy Espinoza

  b.  Address:        1400 North McDowell Blvd Suite 300, Petaluma, CA  94954

  c.  Telephone number:    800-938-8815

  d.  **The fee** for service was:  $195.00

  e.  I am:

    (1)  ☐  not a registered California process server.

    (2)  ☐  exempt from registration under Business and Professions Code section 22350(b).

    (3)  ☒  a registered California process server:

      (i)  ☐ owner  ☐ employee  ☒ independent contractor

      (ii)  Registration No:  787

      (iii)  County:  Ventura

8. ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date:  February 28, 2025

Sandy Espinoza
_____
(NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL)

InfoTrack US, Inc. - P000634
1400 North McDowell Blvd Suite 300,
Petaluma, CA  94954
800-938-8815

*Sandy Espinoza*
_____
(SIGNATURE)

CDF LABOR LAW LLP
  Alison L. Tsao, State Bar No. 198250
  atsao@cdflaborlaw.com
  Holly Jones, State Bar No. 328831
  hjones@cdflaborlaw.com
601 Montgomery Street, Suite 333
San Francisco, CA 94111
Telephone:  (415) 981-3233

Attorneys for Defendants
L3 TECHNOLOGIES, INC. and DONALD PARKER

ELECTRONICALLY FILED
Superior Court of California
County of Ventura
03/26/2025

Brenda L. McCormick
Executive Officer and Clerk

By: _____ Deputy Clerk

Nina Lemos

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF VENTURA**

| | |
|---|---|
| ADRIAN RIOS, an individual, | ) Case No. 2024CUWT026014 |
| Plaintiff, | ) |
| vs. | ) Assigned for All Purposes To: |
| | ) Judge: Maureen M. Houska |
| L3 TECHNOLOGIES, INC., a Delaware | ) Dept:   20 |
| Corporation; DONALD PARKER, an | ) |
| individual; and DOES 1 through 100, inclusive, | ) **DEFENDANT DONALD PARKER'S** |
| | ) **ANSWER TO PLAINTIFF ADRIAN RIOS'** |
| Defendants. | ) **COMPLAINT** |
| | ) |
| | ) Action Filed:   June 17, 2024 |

CDF Labor Law LLP

Defendant DONALD PARKER ("Defendant") hereby answers Plaintiff ADRIAN RIOS' ("Plaintiff") Complaint as follows:

## GENERAL DENIAL

Pursuant to Code of Civil Procedure section 431.30(d), Defendant generally denies each and every allegation in Plaintiff's Complaint and each and every purported cause of action alleged therein, and further denies that Plaintiff has suffered any damages, either in the sum or sums alleged in the Complaint, or in any sum, by reason of any act, omission, or conduct on the part of Defendant, as alleged in the Complaint, or at all.

## AFFIRMATIVE DEFENSES

Defendant has not completed his investigation of the allegations of this case, has not completed discovery in this matter, and has not completed preparation for trial.  Further, Plaintiff has not adequately alleged his damages, and has failed to set forth his claims with sufficient particularity to permit Defendant to raise all affirmative defenses.  The affirmative defenses asserted herein are based on Defendant's knowledge, information, and belief at this time, and Defendant specifically reserves the right to modify, amend, or supplement any affirmative defense contained in this Answer at any time.

Without conceding that he bears the burden of proof or persuasion as to any one of them, Defendant alleges the following separate affirmative defenses to the Complaint:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

1. Plaintiff's Complaint, and each and every purported cause of action alleged therein are barred, in whole or in part, because they fail to allege facts sufficient to state a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Statutes of Limitations)

2. Plaintiff's Complaint, and each and every purported cause of action alleged therein are barred by the applicable statutes of limitation for each alleged cause of action including but not limited to, California Code of Civil Procedure §§ 312, 337, 338, 339, 340 and 343, California

2        DEFENDANT DONALD PARKER'S ANSWER
TO PLAINTIFF ADRIAN RIOS' COMPLAINT

Labor Code § 203, and Cal. Govt. Code §§ 12960 and 12965.

## THIRD AFFIRMATIVE DEFENSE

(Failure to Exhaust Administrative Remedies)

3.    Plaintiff's claims are barred, in whole or in part, to the extent he has failed to exhaust his administrative remedies against Defendant.

## FOURTH AFFIRMATIVE DEFENSE

(Waiver)

4.    Plaintiff has waived his right to assert the purported claims in the Complaint against Defendant, and each purported cause of action therein.  Plaintiff by his conduct and actions has waived the right, if any, to assert the claims alleged in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

(Estoppel)

5.    Plaintiff, by his own conduct and actions, is barred by the doctrine of estoppel from maintaining some or all claims against Defendant.

## SIXTH AFFIRMATIVE DEFENSE

(Laches)

6.    Plaintiff's claims are barred, in whole or in part, by the doctrine of laches because Plaintiff did not raise them in a timely fashion.

## SEVENTH AFFIRMATIVE DEFENSE

(Accord and Satisfaction)

7.    To the extent that Plaintiff accepted payments and releases, the underlying claims are barred by the doctrine of accord and satisfaction.

## EIGHTH AFFIRMATIVE DEFENSE

(Unclean Hands)

8.    Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

//

//

3

DEFENDANT DONALD PARKER'S ANSWER
TO PLAINTIFF ADRIAN RIOS' COMPLAINT

## NINTH AFFIRMATIVE DEFENSE

(After-Acquired Evidence)

9.    Plaintiff's claims are barred, in whole or in part, by the after-acquired evidence doctrine.

## TENTH AFFIRMATIVE DEFENSE

(Lack of Standing for Injunctive Relief)

10.    Plaintiff is not entitled to equitable relief sought because he has an adequate remedy at law and/or cannot make the requisite showing to obtain injunctive relief in an employment dispute.

## ELEVENTH AFFIRMATIVE DEFENSE

(No Entitlement to Restitution)

11.    Plaintiff is precluded from recovering restitution, in whole or in part, from Defendant, under the applicable provisions of law because Plaintiff cannot specify quantifiable monetary amounts obtained from Plaintiff by Defendant for which restitution is owed.

## TWELFTH AFFIRMATIVE DEFENSE

(Unjust Enrichment)

12.    The Complaint, and each and every cause of action alleged therein, is barred because any recovery from Defendant would result in Plaintiff's unjust enrichment because Defendant did not engage in any unlawful activity.

## THIRTEENTH AFFIRMATIVE DEFENSE

(At-Will)

13.    Plaintiff's claims, if any, are barred, in whole or in part, by the fact that Plaintiff, at all times, was an at-will employee who could be terminated with or without cause at any time under California Labor Code § 2922.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Good Cause)

14.    Plaintiff's claims, if any, are barred, in whole or in part, by the fact that there was good cause to terminate Plaintiff.

4    DEFENDANT DONALD PARKER'S ANSWER TO PLAINTIFF ADRIAN RIOS' COMPLAINT

## **FIFTEENTH AFFIRMATIVE DEFENSE**

(Same Decision)

15.     Plaintiff's claims, if any, are barred, in whole or in part, because to the extent that any unlawful reasons were motivating factors behind any employment decisions affecting Plaintiff there exist legitimate, non-retaliatory reasons that standing alone would have induced the same employment decisions.

## **SIXTEENTH AFFIRMATIVE DEFENSE**

(Business Necessity)

16.     Plaintiff's claims, if any, are barred, in whole or in part, in that Defendant acted at all relevant times out of business necessity.

## **SEVENTEENTH AFFIRMATIVE DEFENSE**

(Managerial Privilege)

17.     Plaintiff's claims, if any, are barred, in whole or in part, because the conduct giving rise to the allegations in the Complaint was a just and proper exercise of managerial discretion and undertaken for fair, honest and lawful reasons under the circumstances.

## **EIGHTEENTH AFFIRMATIVE DEFENSE**

(Reasonable Care)

18.     Plaintiff's claims, if any, are barred, in whole or in part, because Defendant exercised reasonable care to prevent and promptly correct discriminatory, harassing, and retaliatory behavior, if any.

## **NINETEENTH AFFIRMATIVE DEFENSE**

(Avoidable Consequences)

19.     Plaintiff's alleged damages, at least in part, are barred on the grounds that Defendant took reasonable steps to prevent and correct unlawful conduct, Plaintiff failed to use the preventative and corrective measures provided by Defendant, and reasonable use of Defendant's procedures would have prevented at least some, if not all, of Plaintiff's alleged harm.

//

5

DEFENDANT DONALD PARKER'S ANSWER
TO PLAINTIFF ADRIAN RIOS' COMPLAINT

## TWENTIETH AFFIRMATIVE DEFENSE

(Failure to Comply with Employer's Directions – California Labor Code section 2856)

20.     Plaintiff's claims, if any, are barred, in whole or in part, because Plaintiff did not comply substantially with all employer directions concerning the service for which Plaintiff was engaged.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

(Offset)

21.     To the extent that Plaintiff sustained any damage as a result of the conduct alleged in the Complaint, which Defendant continues to deny, then Defendant is entitled to an offset to the extent that Plaintiff received income from other sources.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

(Failure to Mitigate)

22.     Plaintiff's claims, if any, are barred, in whole or in part, to the extent that Plaintiff failed to mitigate Plaintiff's damages, if any.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

(No Entitlement to Punitive Damages)

23.     Plaintiff is precluded from recovering exemplary or punitive damages from Defendant under the applicable provisions of law. Specifically, California Civil Code § 3294 precludes Plaintiff from recovering exemplary or punitive damages because Plaintiff has failed to plead and cannot establish facts sufficient to support allegations of malice, oppression or fraud, nor has he pled despicable conduct. In addition, California's laws regarding the alleged conduct in question in the Complaint are too vague to permit the imposition of punitive damages, and any award of punitive or exemplary damages under California law in general, and/or any such award under California law as applied to the facts in this case, would violate Defendant's constitutional rights under provisions of the United States and California Constitutions, including, but not limited to, the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution, and the excessive fines and cruel and unusual punishment clauses of the Eighth Amendment to the United States Constitution.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Good Faith)

24.     Defendant's actions were undertaken in good faith, without malice, and for good cause, with the absence of malicious intent to injure Plaintiff.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Workers' Compensation Preemption)

25.     Plaintiff is barred from seeking any damages for alleged physical or emotional injuries on the ground that the sole and exclusive remedy for such alleged injuries is governed by the California Workers' Compensation Act, California Labor Code section 3600 *et seq.*

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

(Plaintiff's Own Conduct and/or Fault of Others)

26.     Plaintiff's claims, if any, are barred, in whole or in part, because if Plaintiff sustained any damage, injury or detriment as alleged in the Complaint, such injury was caused by his own conduct and/or the fault of others for whose conduct Defendant is not liable.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(Comparative Fault)

27.     To the extent that Plaintiff's alleged damages were caused in part by acts of Plaintiff or third parties, any liability or damages must be apportioned, and Defendant is not liable for such acts.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

(No Damages)

28.     Defendant denies that Plaintiff suffered any damages as a result of any alleged conduct by Defendant.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

(No Causation)

29.     Defendant alleges that, if Plaintiff suffered damages, such damages were not caused by any act of Defendant.

7

DEFENDANT DONALD PARKER'S ANSWER
TO PLAINTIFF ADRIAN RIOS' COMPLAINT

**THIRTIETH AFFIRMATIVE DEFENSE**

(Attorneys' Fees Not Recoverable)

30.   Plaintiff is precluded from recovering attorneys' fees for some or all of the claims alleged in the Complaint.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

(Consent)

31.   Plaintiff's alleged causes of action are barred, in whole or in part, by the doctrine of consent.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

(No Knowledge, Authorization, or Ratification)

32.   Defendant is not liable for Plaintiff's alleged damages because, if any person engaged in intentional, willful or unlawful conduct as alleged in the Complaint, he or she did so without the knowledge, authorization, or ratification of Defendant.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

(Failure to State Facts Sufficient to Constitute Emotional Distress)

33.   Plaintiff's Complaint, and the claims alleged therein, fail to allege facts sufficient to constitute Plaintiff's emotional distress, and therefore fail to support a claim for emotional distress damages.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

(Alleged Conduct Not Severe or Pervasive)

34.   Plaintiff's Complaint, and the claims alleged therein, fail to allege facts sufficient to constitute a claim of harassment and/or hostile work environment because any such conduct was neither severe nor pervasive and did not alter the terms or conditions of Plaintiff's employment.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

(No Harassment)

35.   Defendant's actions with respect to the subject matters alleged in the Complaint were undertaken in good faith and for cause after adequate investigation, with the absence of malicious intent to injure Plaintiff, and constitute lawful, proper and justified means to further the

8

DEFENDANT DONALD PARKER'S ANSWER
TO PLAINTIFF ADRIAN RIOS' COMPLAINT

sole purpose of Defendant to engage in and continue its lawful business activities. Furthermore, all decisions made with respect to Plaintiff's employment were reasonably based on legitimate, non-discriminatory and non-retaliatory reasons and were made for proper, business-related reasons which were neither arbitrary, capricious, nor unlawful. By reason therefore, Plaintiff is barred, in whole or in part, from recovery on the alleged causes of action contained in the Complaint.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

(No Evidence of Substantial Negative Reliance on Illegitimate Criterion)

36.     Plaintiff's claims are barred, in whole or in part, because Plaintiff has no direct evidence that Defendant placed substantial negative reliance on any illegitimate criterion in taking any alleged adverse action with respect to Plaintiff's employment.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

(No Proximate Cause)

37.     If Plaintiff has suffered any emotional distress, which Defendant denies, such emotional distress was proximately caused by factors other than the acts alleged in the Complaint.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

(Additional Defenses)

38.     Defendant alleges that he presently has insufficient knowledge or information on which to form a belief as to whether he may have additional, as yet unstated, defenses available. Defendant reserves the right to assert additional defenses in the event discovery or an investigation indicates that they would be appropriate.

## PRAYER

WHEREFORE, Defendant pray for judgment as follows:

1.     That judgment be entered in favor of Defendant and against Plaintiff;

2.     That Plaintiff take nothing by his Complaint and that said Complaint be dismissed, in its entirety, with prejudice;

3.     That Defendant be awarded its costs of suit herein;

4.     That Defendant be awarded reasonable attorneys' fees as permitted by law; and

9                   DEFENDANT DONALD PARKER'S ANSWER
                    TO PLAINTIFF ADRIAN RIOS' COMPLAINT

5.    For such other additional relief as the Court deems just and proper.

Dated:  March 26, 2025                CDF LABOR LAW LLP
                                      Holly Jones

By:  _____
                          Alison L. Tsao
                  Attorneys for Defendants
                  L3 TECHNOLOGIES, INC.

10    DEFENDANT DONALD PARKER'S ANSWER
      TO PLAINTIFF ADRIAN RIOS' COMPLAINT

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO.

I, the undersigned, declare that I am employed in the aforesaid County, State of California. I am over the age of 18 and not a party to the within action. My business address is 601 Montgomery Street, Suite 333, San Francisco, CA 94111. On March 26, 2025, I served upon the interested party(ies) in this action the following document described as:

**DEFENDANT DONALD PARKER'S ANSWER TO PLAINTIFF ADRIAN RIOS' COMPLAINT**

By the following method:

Nazo Koulloukian
Amir Mahdavi-Pour
Naeiri Youssefian
Nadia Chavez Martinez
Lusin Grigorian
KOUL LAW FIRM
217 South Kenwood Street
Glendale, CA 91205
Telephone: (213) 325-3023

FAX: (818) 561-3938
E-MAIL: nazo@koullaw.com;
amir@koullaw.com;
naeiri@koullaw.com;
nadia@koullaw.com;
lusin@koullaw.com

For processing by the following method:

[X]    **(Electronic service)** Pursuant to CCP 1010.6, I caused the documents to be sent to the persons at the electronic service addresses listed above. For represented parties, I confirmed the appropriate electronic service address for the counsel being served. For unrepresented parties, if any, the unrepresented party(ies) have expressly consented to electronic service.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 26, 2025, at San Francisco, California.

| Shantal Corral | |
| --- | --- |
| (Type or print name) | (Signature) |

11   DEFENDANT DONALD PARKER'S ANSWER TO PLAINTIFF ADRIAN RIOS' COMPLAINT

CDF LABOR LAW LLP

4935-9644-6247.3